Jeanine GOODSTEIN, and Linda
McCauley, Plaintiffs,

v.

BOMBARDIER CAPITAL, INC., Pierre
Lortie, Thomas Murphy, Richard Odom,
and Michael Felber, Defendants.

No. 2:94–CV–110.

United States District Court,
D. Vermont.

June 20, 1996.

Christina M. Pingert, Carter & Pingert, P.C., South Hero, VT, for plaintiffs.

Patricia Mary Sabalis, Downs, Rachlin & Martin, P.C., Burlington, VT, for defendant Bombardier Capital, Inc.

Robert R. McKearin, Dinse, Erdmann, Knapp & McAndrew, Burlington, VT, Patricia Mary Sabalis, Downs, Rachlin & Martin, P.C., Burlington, VT, for defendant Pierre Lortie.

Philip D. Saxer, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, Patricia Mary Sabalis, Downs, Rachlin & Martin, P.C., Burlington, VT, for defendants Thomas Murphy, Richard Odom, Michael Felber.

## OPINION AND ORDER

SESSIONS, District Judge.

■ This matter is before the Court on a Motion to Dismiss by Defendant Lortie pursuant to Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process. Plaintiffs oppose this motion. In an effort to conserve judicial resources, the Court shall also reconsider, sua sponte, its previous opinion on the liability of individual defendants under Title VII. *See Goodstein v. Bombardier Capital, Inc.,* 889 F.Supp. 760 (D.Vt.1995) (Parker, J.).

### BACKGROUND

Familiarity with the facts of this case as set forth in the Court's previous opinion is assumed. *Goodstein,* 889 F.Supp. at 763. Plaintiffs allege gender discrimination, sexual harassment, and intentional infliction of emotional distress against all Defendants. Plaintiffs are former employees of Defendant Bombardier Capital, Inc. ("BCI"), which has a place of business in Burlington, Vermont. The four individual Defendants held positions of authority within BCI at the time of the alleged conduct. Pierre Lortie was president of BCI. Thomas Murphy and Richard Odom were vice-presidents. Michael Felber was Director of Human Resources responsible for personnel matters.

Plaintiffs filed their complaint in state court on March 11, 1994. On or about March 24, 1994, Plaintiffs served Defendants BCI and Murphy at BCI's place of business in Burlington, Vermont. At the same time, they attempted to serve Defendant Lortie, whereupon they were informed that he now resides and works in Montreal, Quebec, Canada. There is no evidence that Plaintiffs have attempted further service on Defendant Lortie to date.

On April 13, 1994, Defendant BCI filed an answer to Plaintiffs' complaint. That same day, Defendants removed the action to this Court and filed a partial motion to dismiss. The individual Defendants argued, inter alia, that the Court should dismiss all Title VII claims against them because they did not fall within the statutory definition of employer. On January 27, 1995, this Court denied Defendants' motion. *Goodstein,* 889 F.Supp. at 768. Thereafter, the individual Defendants retained separate counsel.

On December 11, 1995, Defendants Felber, Murphy and Odom filed their answers to the complaint. Defendant Lortie has not yet answered the complaint. On December 15, 1995, the parties moved the Court to withdraw them from the jury draw list because discovery was incomplete. *See* Paper # 26. In this motion, the Court was made aware that its ruling on the liability of individual defendants under Title VII had been overruled by the Second Circuit on September 27, 1995, in *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2d Cir.1995). However, the individual Defendants have not moved for reconsideration on this ground.

### DISCUSSION

#### A. *Insufficiency of Service of Process*

Defendant Lortie seeks dismissal of the claims against him because Plaintiffs have failed to serve him. As a general rule, service of the summons and the complaint must be made on each defendant within 120 days after the filing of the complaint. Fed. R.Civ.P. 4(m). Plaintiffs concede their failure to serve Defendant Lortie, but claim they should be granted an extension of time in which to serve him, as he has not been

prejudiced by their failure. In support of this argument, they point out that Defendant Lortie joined in both the notice of removal and the partial motion to dismiss.

### 1. *Waiver*

■ As a preliminary matter, the Court feels compelled to address the issue of waiver, although not raised by the parties, because a prior pre-answer motion has been filed. Waiver is required under the circumstances set forth in Federal Rules of Civil Procedure 12(g) and (h). These rules generally preclude a second motion based on any Rule 12 defense or objection that the defendant could have raised in his or her original motion. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1385 (1969 & Supp.1990).

Mandating the consolidation of all available defenses, Rule 12(g) states:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted.

Rule 12(h) provides for the waiver of certain defenses if not properly raised. It states, in relevant part, "[a] defense of ... insufficiency of service of process is waived ... if omitted from a motion in the circumstances described in subdivision (g)."

■ Although Rule 12 sets forth a strict waiver requirement, it does provide an exception, namely that it applies only to defenses "then available." *See* Fed.R.Civ.P. 12(g), advisory committee notes (1966 Amendment); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir.1983). In the case at bar, Defendant Lortie joined in a partial motion to dismiss on April 13, 1994, well before the expiration of the 120 day time limit for service. Strictly speaking, a defense of insufficiency of service of process was not "available" at the time this motion was filed because there was still a possibility that Defendant Lortie would be timely served. *Cf. Holzsager v. Valley Hos-*

*pital,* 646 F.2d 792, 796 (2d Cir.1981) (recognizing that "[i]n any event a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made"). Although Defendant Lortie should have amended the motion to dismiss to include the defense of insufficiency of service of process when the 120 day time frame had expired, the Court concludes that it may proceed to the merits without violating the letter of Rule 12.[1]

### 2. *Application of Rule 4(m)*

■ Clearly, Plaintiffs have failed to comply with the general rule set forth in Rule 4(m) given that the 120 day time limit for service has long since passed. However, there are instances in which the time limit is excused. First, Rule 4(m) provides an exception for service in a foreign country. It states, in pertinent part, "[t]his subdivision does not apply to service in a foreign country pursuant to subdivision (f)." A plaintiff can invoke this exception only if he or she attempted to serve the defendant pursuant to the rules governing service in a foreign country as set forth in subdivision (f). *See Mentor Ins. Co. Ltd. v. Brannkasse,* 996 F.2d 506, 512 (2d Cir.1993); *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir.1985).

■ In accordance with Rule 4(f), parties are bound to follow international agreements prescribing procedures for service. Fed. R.Civ.P. 4(f)(1). Canada and the United States are signatories to such an agreement, entitled the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Agreement"). The procedures for service in Canada are made a part of the agreement by way of appendix, and provide for personal service to be accomplished by a sheriff or a "huissier" in Quebec. Because Plaintiffs do not contend that they attempted to serve Defendant Lortie within Canada as

---

1. The Court notes that there is no evidence that the current motion to dismiss has been interposed for purposes of delay. Moreover, Plaintiffs are not prejudiced by this result in that they shall be granted an extension of time in which to serve Defendant Lortie, as discussed *infra*.

provided for in the Hague Agreement, the exception does not apply.

■ Having found the foreign service exception inapplicable, the Court moves on to consider other grounds for excusing the 120 day time limit and extending the time for service. Rule 4(m) provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, a court must grant an extension of time when the plaintiff can show good cause for the failure to serve within 120 days. Moreover, even if good cause is lacking, the court may extend the time, in its discretion.

■ Determining whether an extension is appropriate invokes a two part analysis. First, the court must decide whether good cause exists. *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995). If good cause exists, the plaintiff receives an extension, and the inquiry is ended. However, if good cause is not shown, the court proceeds to the second part of the analysis to decide whether to dismiss the case without prejudice or to extend the time for service. *Id.*

■ The good cause determination depends upon two principal factors. In order of importance, they are: 1) whether the plaintiff has made a reasonable effort to effect service, and 2) whether the defendant has been prejudiced by the failure to serve. *Gordon v. Hunt,* 116 F.R.D. 313, 320 (S.D.N.Y.), *aff'd,* 835 F.2d 452 (2d Cir.1987), *cert. denied,* 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988).

■ Because Plaintiffs have not made a reasonable effort to effect service, the Court finds good cause lacking. Plaintiffs filed their complaint on March 11, 1994. On

or about April 8, 1994, Plaintiffs learned that their attempt to serve Defendant Lortie was ineffective. *See* Aff. of Sgt. Gamelin attach. to Pls.' Opp. to Def.'s Motion to Dismiss (Paper # 30). Nonetheless, there is no evidence that they made subsequent attempts to serve Defendant Lortie. When there is a single defective attempt at service never followed by an attempt to correct service within the 120 day time frame, the plaintiff's efforts cannot be considered reasonable. *Gordon,* 116 F.R.D. at 321–22 (citing, inter alia, *Norlock v. City of Garland,* 768 F.2d 654, 657 (5th Cir.1985)); *see also Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 661–62 (D.Md.1986) (no good cause shown when plaintiff knew that his initial attempt at service was ineffective, yet never successfully served the defendant).

■ Finding that Plaintiffs have not shown good cause for their failure to serve Defendant Lortie, the Court turns to the second part of its analysis. In deciding whether to extend the time for service in the absence of good cause, the court may consider factors such as whether the defendant has evaded service, concealed a defect in attempted service, *see* Fed.R.Civ.P. 4(m), advisory committee notes (1993 Amendment), or been prejudiced by the failure to serve. *See Mejia v. Castle Hotel, Inc.,* 164 F.R.D. 343, 346 (S.D.N.Y.1996). Other important considerations include whether service was eventually accomplished, and if so, how long after the 120 day time period, *see Bd. of Trustees of Trucking Employees v. Canny,* 876 F.Supp. 14, 16 (N.D.N.Y.1995) (court exercised discretion to allow service filed two days after the 120 day time limit), and whether the statute of limitations has expired, thereby barring the plaintiff from refiling the complaint. Fed.R.Civ.P. 4(m), advisory committee notes (1993 Amendment).

■ In weighing these considerations in its evaluation of the instant matter, the Court finds that an extension of time is warranted. Although Plaintiffs' failure to attempt further service on Defendant Lortie is an egregious error,[2] Defendant Lortie has

---

**2.** In reaching the result that it does, the Court

does not wish to minimize its displeasure with

had actual notice of this case almost since its inception. *See Fed. Home Loan Mortgage Corp. v. Dutch Lane Assoc.*, 775 F.Supp. 133, 139 (S.D.N.Y.1991) (court would exercise its discretionary authority to retain the action where defendants had actual notice of the case). Furthermore, he has actively participated in this case so that there has been no prejudice by the failure to serve.[3] *Id.* Finally, the relevant statute of limitations has now expired, thereby justifying relief on the ground that the action would otherwise be time-barred.[4] *Canny*, 876 F.Supp. at 16. Accordingly, Defendant Lortie's Motion to Dismiss is denied.

### B. *Liability under Title VII*

Next, the Court shall reconsider, sua sponte, its previous decision on the liability of individual defendants under Title VII. In an Opinion, dated January 27, 1995, this Court concluded that individual defendants were subject to suit under Title VII as agents of an employer. As the parties pointed out, the Second Circuit has squarely addressed this issue since this Court's ruling in January, 1995. *See Tomka*, 66 F.3d at 1313.

 Considering the issue for the first time, the Second Circuit held "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Id.* In fact, the court specifically noted this Court's decision and declined to follow its reasoning. Given this change in controlling law as well as the relatively short time between this Court's ruling and the *Tomka* decision, reconsideration seems appropriate. *See Romand v. Zimmerman*, 881 F.Supp. 806, 808 (N.D.N.Y. 1995) (a court is justified in reconsidering

even a final judgment if there is an intervening change in the controlling law). In accordance with *Tomka*, the Court now holds that the individual Defendants cannot be personally liable under Title VII. Hence, to the extent that Plaintiffs' complaint alleges violations of Title VII by Defendants Lortie, Felber, Murphy and Odom, it should be dismissed.

 A sua sponte dismissal, as here, is consistent with the policy of avoiding judicial waste. *United States v. 1991 Isuzu Amigo*, No. 2:92–CV–360, slip op. at 1 (D.Vt. 1993). However, the general rule is that a court has the power to dismiss a complaint sua sponte, for failure to state a claim, only if the plaintiff is given notice and an opportunity to be heard. *Wachtler v. Cty. of Herkimer*, 35 F.3d 77, 82 (2d Cir.1994). Although Plaintiffs are presumably on notice of the *Tomka* decision because it was raised in a motion in which they joined, the Court shall proceed with ·caution by allowing Plaintiffs time to file a memorandum indicating why the Court should not go forward with the dismissal.

### CONCLUSION

For the reasons set forth above, Defendant Lortie's Motion to Dismiss is DENIED. However, Plaintiffs must effect service on Defendant Lortie, and file proof thereof, pursuant to Rule 4(f) within sixty days of the date hereof. Failure to do so shall result in the dismissal without prejudice of all claims against Defendant Lortie. Moreover, Plaintiffs have thirty days to submit an objection to the proposed dismissal of all Title VII claims against Defendants Lortie, Felber, Murphy and Odom. In the absence of such

---

Plaintiffs' conduct. In fact, if Defendant Lortie had not actively participated in this case or if his motion had been more timely, the Court would have dismissed Plaintiffs' complaint without prejudice, regardless of the effect of the statute of limitations.

**3.** "[S]ervice of process serves a dual purpose: it gives the court jurisdiction over the person of the defendant as well as notifying him of the lawsuit." *E.g., Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 148 (N.D.Ind.1985). In this case, both purposes have been met, despite the insufficient service.

**4.** Plaintiffs' cause of action accrued in 1991. Both the intentional infliction of emotional distress claim and the state gender discrimination claim are subject to a three year statute of limitations. 12 V.S.A. § 512 (1973 & Supp.1994); *Morse v. University of Vermont*, 776 F.Supp. 844, 848 (D.Vt.1991) (three year personal injury statute of limitations applies to claims brought under state anti-discrimination law), *aff'd*, 973 F.2d 122 (2d Cir.1992).

an objection, these claims shall be dismissed. It is SO ORDERED.