In re Daniel Thomas MADAR, Debtors.

WESTFIELD INSURANCE COMPANIES, a Michigan corporation, Subrogee of W.A.P., Inc., William A. Parks and Parks Realtors and Cincinnati Insurance Companies, Subrogee of Samantha Decker d/b/a Village Hair Parlor, Plaintiffs,

v.

Dr. Daniel MADAR, Defendant.

Bankruptcy No. 97–30342.
Adversary No. 97–3030.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division–Flint.

March 19, 1998.

Nancy L. Bondar, Saginaw, MI, for Plaintiffs.

Samuel A. Hurwitz, Flint, MI, for Defendant.

## OPINION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF TIMELY SERVICE

ARTHUR J. SPECTOR, Bankruptcy Judge.

### Introduction

In the fall of 1995, Daniel Madar set fire to his chiropractic office. Two insurance companies sued him in their respective roles as subrogee of the owner and co-tenants of the office building. A criminal case was also initiated and, on March 13, 1996, Madar entered a plea of guilty to the charge of arson. He filed a petition for chapter 7 bankruptcy relief on February 25, 1997.

On April 10, 1997, the insurers filed an action under 11 U.S.C. § 523(a)(6) against Madar, alleging more than $250,000 in damages. No answer was filed but, on October 14, 1997, the Defendant did file a motion to dismiss. A hearing on the motion was held January 14, 1998. At the Court's request, the parties filed post-hearing briefs.

### Discussion

The Defendant's motion was premised on his assertion that the complaint was not timely filed. *See* Motion at ¶ 3. That assertion is unfounded, and the focus at the hearing quickly shifted to whether dismissal is nonetheless appropriate given the fact that the Plaintiffs failed to serve process within the 120 days allowed under the Federal

Rules of Bankruptcy Procedure. The applicable rule provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

F.R.Civ.P. 4(m) (emphasis added) (incorporated by F.R.Bankr.P. 7004(a)). The highlighted language was added as part of the 1993 amendments. Prior to that time, the rule—then codified as subparagraph (j)—stated:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

F.R.Civ.P. 4 (j) (repealed). Under the rule as it formerly existed, the absence of good cause was fatal: The court's only choice was to dismiss the case. *See, e.g., Moncrief v. Stone,* 961 F.2d 595, 597 (6th Cir.1992); *Friedman v. Presser,* 929 F.2d 1151, 1157 (6th Cir.1991); *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987). Thus a case would have to be dis-

missed even though the plaintiff would be time-barred from filing a new action. *See Friedman,* 929 F.2d at 1158.

■ This consideration looms large here because 60 days have long passed since April 17th of last year, which is when the statutory "meeting of creditors" was first scheduled (and held). *See* F.R.Bankr.P. 4007(c) ("A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."). The 1993 amendment is manna from heaven for the Plaintiffs because, as explained by the Advisory Committee on Civil Rules,

> [t]he new subdivision ... authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.... Relief may be justified, for example, *if the applicable statute of limitations would bar the refiled action,* or if the defendant is evading service or conceals a defect in attempted service.

Federal Civil Judicial Procedure & Rules at p. 52 (1997 ed. West) (quoting the Advisory Committee Notes relating to the 1993 amendments) (emphasis added). Thanks to this amendment, then, good cause need not be shown in order to avoid dismissal.[1] *See, e.g., Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880, 889 (1996) (dictum) ("[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.' " (quoting the Advisory Committee Notes)); *Panaras v. Liquid Carbonic Indus. Corp.,* 94

---

**1.** Surprisingly, the Plaintiffs were unaware of this important amendment. *See* Plaintiff's Brief in Support of [sic—in Opposition to] Debtor's Motion to Dismiss the Adversarial Complaint, at p. 7 (quoting former F.R.Civ.P. 4(j)). Many others seem likewise to have overlooked the rule change. *See, e.g., Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996) ("Absent a showing of good cause.... [Rule 4] compel[s] dismissal."); *Miller v. Runyon,* No. 94–6439, 1995 WL 325692, at *1 (6th Cir. May 30, 1995) (unpublished) ("Fed. R.Civ.P. 4(m), formerly 4(j), provides that an action ... shall be dismissed ... unless the plaintiff can show good cause why service was not made within the 120–day period."); *Mendez v. Elliot,* 45 F.3d 75, 78 (4th Cir.1995) ("Rule 4(j)

was edited without a change in substance and renumbered as Rule 4(m)...."); *Campbell v. Illinois Dep't of Corrections,* 907 F.Supp. 1173, 1177 (N.D.Ill.1995); Bankruptcy Code & Rules (1997 Norton Quick–Reference Pamphlet) at p. 302 (quoting former F.R.Civ.P. 4(j), and omitting current rule 4(m)). Although the Sixth Circuit has thus far been asleep at the wheel on this point, it has not explicitly addressed it, either. This means that the Court is still free to chart its own course. *See generally In re Dow Corning Corp.,* No. 95–20512, 1995 WL 495978, at *10 (Bankr.E.D.Mich. Aug. 9, 1995) (collecting authorities which support the view that a court's "implicit and unexamined assumption" is not binding on lower courts).

F.3d 338, 340–41 (7th Cir.1996); *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996); *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1098 (3d Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 64, 136 L.Ed.2d 25 (1996); *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995). *But see* 4A Wright & Miller, Federal; Practice and Procedure: Civil 2d § 1137 (1997 Supp.) at p. 67 (collecting cases which, notwithstanding the amendment, have nevertheless "held that courts may grant an extension of the time period only upon a showing of good cause").

▆ In this Court's view, the amendment makes this an easy case. After all, the whole point of the rule change was presumably to allow the court to avoid draconian penalties for technical mistakes. *See id.* at p. 69 ("[T]he 120–day service requirement is not meant to be enforced harshly or inflexibly."); *Rupert v. Metro–North Commuter R.R. Co.,* No. 95 CIV. 4283, 1996 WL 447745, at *2 (S.D.N.Y. Aug. 7, 1996) ("[D]ismissal ... would effectively extinguish Rupert's ability to recover on what may be a meritorious claim. I therefore ... decline to dismiss the case, for dismissal would be unduly harsh."); *Fultz v. Rittlemeyer,* No 94–0025, 1995 WL 234531, at *2–3 (W.D.Va. Apr. 18, 1995) ("[T]he court notes that the Plaintiff may not have the option of refiling this matter if the complaint is dismissed.... [T]he equities weigh in favor of the Plaintiff."); *cf. INVST Fin. Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 397–98 (6th Cir.), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987) ("Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved.... Trials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.' " (citation omitted)). And other factors present here militate in favor of leniency.

For one thing, the Defendant did not challenge sufficiency of process in his written motion. This fact alone is arguably grounds for ruling that he is precluded from doing so now. *See* F.R.Civ.P. 12(h) (incorporated by F.R.Bankr.P. 7012(b)) ("A defense of lack of jurisdiction over the person..., insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [relating to the consolidation of defenses in a single motion], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof...."). For another thing, the conduct of Madar's counsel has in other respects suggested that adequacy of service was a non-issue. *See* Plaintiffs' Brief in Support of [sic—in Opposition to] Debtor's Motion to Dismiss the Adversarial Complaint, at p. 7 ("[A] copy of the Adversarial Complaint was in the hands of [the Defendant's] Attorney, who was representing him on the Chapter 7 Bankruptcy matter, shortly after March 11, 1997. Attorney Hurwitz, within days after receiving the Adversarial Complaint[,] engaged in settlement negotiations in attempt to reconcile this matter at the request of the undersigned. It was believed ... that proper service had been made upon the Debtor's Attorney and that by his readily entering into settlement negotiations service had been accepted and representation of the Debtor on the Adversarial Complaint commenced."); Affidavit in Support of Objection; *see generally Gluklick,* 801 F.2d at 837 ("[I]n personam jurisdiction may be obtained by actions of a party amounting to a waiver.... Failure to timely serve the defense of insufficient service may constitute a waiver, ... and a stipulation and agreement to settle constitutes a consent to the personal jurisdiction of the court." (citation omitted)); *cf. Moncrief,* 961 F.2d at 598 (distinguishing a Second Circuit decision in which the defendant "actually lulled plaintiffs into believing that their mailing ... constituted satisfactory service." (citation omitted)).

Nor is there any indication that dismissal is warranted as a means of avoiding prejudice to the Defendant. To the contrary, Madar's sole argument in support of his motion is that the Plaintiffs have failed to estab-

lish "good cause."[2] *Cf. Fultz*, 1995 WL 234531 at *2 ("The Defendants' only argument against the court exercising the discretion conferred by the rule does not address the equities of the case but instead rests on a non-existent technicality.").

Given these facts, the Plaintiffs must prevail even if they cannot supply a sufficient explanation for missing the deadline. Thus while courts in other circuits have received marching orders to "first determine whether good cause exists," *Thompson*, 91 F.3d at 21, *see also, e.g., Espinoza*, 52 F.3d at 841, that preliminary inquiry would serve little or no purpose here. The Court therefore bypasses the "good-cause" issue altogether and will deny the Defendant's motion for dismissal based on the considerations identified herein.[3]

---

2. Not so surprisingly, Madar's brief also makes no mention of the 1993 amendment.

3. The Defendant was served with the summons and complaint on September 30, 1997. *See* Proof of Service (Docket # 8); Defendant's Brief at p. 2. Thus there is no need to "direct that service be effected within a specified time." F.R.Civ.P. 4(m).