**In re Herman T. LOVE, Debtor.**

**Leonard Drier and Tandy Drier, Plaintiffs,**

v.

**Herman T. Love, Defendant.**

**No. 3:99–CV–307.**

United States District Court,
E.D. Tennessee,
at Knoxville.

Dec. 9, 1999.

N. David Roberts, Jr., Bailey, Roberts & Bailey, P.L.L.C., Knoxville, TN, for debtor.

Glenna W. Overton, Overton & Overton, Knoxville, TN, for appellants.

### MEMORANDUM OPINION

JORDAN, District Judge.

This case is before the court as an appeal by the plaintiffs from the United States Bankruptcy Court for the Eastern District of Tennessee. The plaintiffs contend that the Bankruptcy Court erred in

ruling that the plaintiffs' complaint must be dismissed for failure to properly serve process.

In its published opinion, the Bankruptcy Court set out the relevant facts, and this court finds it unnecessary to reiterate all those facts. *See Dreier v. Love (In re Love)*, 232 B.R. 373 (Bankr.E.D.Tenn. 1999). The critical facts are that the plaintiffs filed their complaint through their attorney Glenna Overton on September 28, 1998.[1] The Clerk issued a summons on September 29, 1998. A copy of the complaint and summons were mailed to the defendant/debtor, Herman Love, but not to the defendant's attorney.[2] An amended complaint was later filed, but again, the summons and amended complaint were not sent to the defendant's attorney. On December 7, 1998, the plaintiffs filed a motion for default judgment because the defendant had never responded to the complaint or the amended complaint. On December 23, 1998, the defendant made a special appearance to respond to the motion for default judgment and argued that service of process was ineffective under Rule 7004 of the Federal Rules of Bankruptcy Procedure.

A hearing on the plaintiffs' motion for default judgment was held on January 28, 1999, at which time counsel for the plaintiffs were given permission to certify service of process on the defendant's counsel. On January 29, 1999, counsel for the plaintiffs filed a certificate of service stating that the defendant's attorney was served with an Alias Summons and a copy of the complaint on January 29, 1999, three days after the time had run to perfect service of process.[3]

The Bankruptcy Court ruled that the plaintiffs' attempted service of process on the debtor was ineffective since the attempted service did not comply with Rule 7004(b)(9). *Dreier*, at 378. The Bankruptcy Court then held that "good cause for failing to make service on the Debtor within the 120–day period prescribed by Rule 4(m) has not been shown" because there was no evidence of the plaintiffs' "diligence and reasonable efforts to serve the Debtor." *Id.* at 379–80. The Bankruptcy Court specifically relied on the fact that the plaintiffs were warned thirty-four days before their 120–day service period expired, by way of the defendant's response to their motion for default judgment, that their service of process was defective and they took no action to correct the problem. *Id.* Further, the Bankruptcy Court refused to exercise its discretion under Rule 4(m) to allow the plaintiffs an extension beyond the 120–days because it would be "inequitable", and "[t]o do so would require the court to ignore the dilatory actions of the Plaintiffs, would unjustly reward the Plaintiffs, and would deprive Rule 4(m) of its vitality." *Id.* at 380. Finally, as to the plaintiff's excusable neglect argument (Fed.R.Bankr.P. 9006(b)(1)),[4] the Bankruptcy Court. found nothing in the facts to warrant a finding that the plaintiffs' neglect was "excusable." *Id.* at 381.

1. The plaintiffs' complaint was designated as a "Complaint for Objection to Discharge," but, as pointed out by the Bankruptcy Court, the plaintiffs were actually seeking a determination as to the dischargeability of a state court judgment that they had obtained against the debtor, Herman T. Love. *Dreier*, at 375 n. 1.

2. Plaintiffs' counsel claims that she mailed the debtor's attorney a copy of the complaint prior to the summons being issued.

3. Rule 4(m) of the Federal Rules of Civil Procedure gives a plaintiff 120 days from the filing of the complaint to serve the defendant with the summons and complaint. The court shall dismiss the action without prejudice if service of process is not effected within this time, unless the plaintiff shows good cause for the failure to meet the 120–day deadline.

4. In relevant part, Rule 9006(b)(1) provides:

when an act is required or allowed to be done at or within a specified period by these rules ... the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

■ Without citation to any authority, the plaintiffs state that this court's standard of review is *de novo* because the appeal presents a mixed question of law and fact. In opposition to this statement, the defendant argues that Rule 8013 of the Federal Rules of Bankruptcy Procedure controls this appeal. Rule 8013 states that findings of fact made by the bankruptcy court "shall not be set aside unless clearly erroneous." When there are both findings of fact and conclusions of law to be reviewed on appeal, the defendant says that the findings of fact are considered under the clearly erroneous standard and the conclusions of law are considered *de novo*. *See, Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 631 (6th Cir.1994). This court agrees with the defendant that the Bankruptcy Court's findings of fact are subject to a clearly erroneous standard of review, and its conclusions of law are to be reviewed *de novo*.

■ Rule 7004(b)(9) provides in relevant part:

[S]ervice may be made within the United States by first class mail postage prepaid as follows:

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs ... and, if the debtor is represented by an attorney, to the attorney at the attorney's post office address.

The bankruptcy courts interpreting this part of Rule 7004 have uniformly found that service of process is insufficient unless both the debtor and his or her attorney are served with the summons and complaint. *See, e.g., Meganck v. Couts (In re Couts)*, 188 B.R. 949, 953 (Bankr. E.D.Mich.1995). Thus, based on the facts in this case, this court finds that the Bankruptcy Court did not err in finding that service process was ineffective.

■ The next question then is the issue raised by the plaintiffs' appeal; that is, whether the Bankruptcy Court erred in its factual finding that the plaintiffs were not entitled to a finding of excusable neglect for failing to properly serve the debtor and his attorney. The United States Supreme Court has held that Rule 9006(b) applies to situations where there has been a failure to comply with filing deadlines. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). In *Pioneer*, the Supreme Court found that "neglect" includes both simple faultless omissions and omissions caused by carelessness, but the neglect must be "excusable," *Id.* at 395, 113 S.Ct. at 1498. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* The factors to be considered are "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

After reviewing these factors, this court finds that the Bankruptcy Court was not clearly erroneous in its determination that the plaintiffs' failure to effectively serve process on the debtor and his attorney was not excusable. First, this court notes that it does not appear from the record that the plaintiffs ever moved the court for an extension of time to perfect service of process. Second, the plaintiffs continue to attempt to place the blame for their omission on the defendant and his attorney by claiming that the defendant's attorney "concealed a defect in the attempted service" and "led the plaintiffs to believe that proper service had been made so that he could move to have this case dismissed on a technicality thereby by [sic] avoiding payment of a judgment for a fraud that he perpetrated on the plaintiffs." At oral argument, counsel for the plaintiffs argued that defendant's attorney "waited" until

after the 120 days had expired to mention the lack of summons "to reap a technical windfall."

This is clearly incorrect, and for this reason alone this court would not give the plaintiffs the benefit of excusable neglect. The plaintiffs were put on notice by the defendant thirty-four days before the 120–day time period had expired, and yet they took no action to correct the deficiency. The defendant's pleading filed December 23, 1998, specifically informs the plaintiffs that there has been a failure to effect proper service as required by Rule 7004. By ignoring this warning and then refusing to accept the responsibility for their own omissions, the plaintiffs are not entitled to an equitable remedy.

As to the other factors that the court should consider, the court finds that they do not weigh in the plaintiffs' favor. It could be said that the defendant has been prejudiced and delayed by being falsely blamed for actions which were not his fault or responsibility, and by having to appear and respond to this appeal resulting in a delay of his bankruptcy discharge. The remaining factors weigh heavily against the plaintiffs. The plaintiffs have not supplied the court with any reasonable excuse for the delay, and the delay was entirely within their control. By attempting to place the blame on defendant's attorney, it could even be said that the plaintiffs have not acted in good faith.

In their brief, the plaintiffs contend that dismissal of their complaint is too harsh a result. Under all the circumstances in this case, the court finds that dismissal of the plaintiffs' complaint is the proper and equitable result of the plaintiffs' failure to properly serve process.

Therefore, for the reasons discussed above, the plaintiffs' appeal from the United States Bankruptcy Court for the Eastern District of Tennessee will be overruled, and their complaint will be dis-

missed without prejudice. An order reflecting this opinion will be entered.