In re Frank LOPEZ, Debtor.

Sandra Donaldson, Plaintiff,

v.

Frank Lopez, Defendant.

**Bankruptcy No. 01–21442.
Adversary No. 01–2062.**

United States Bankruptcy Court,
E.D. Michigan,
Northern Division.

March 20, 2002.

Barbara A. Klimaszewski, Attorney at Law, Saginaw, MI, for Plaintiff.

John L. Wildeboer, Attorney at Law, Bay City, MI, for Defendant.

### OPINION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ARTHUR J. SPECTOR, Bankruptcy Judge.

#### Introduction

Frank Lopez filed for chapter 7 bankruptcy relief on May 4, 2001. Sandra Donaldson commenced this adversary proceeding against him. She alleges that the Defendant "committed the tort of intentional infliction of emotional distress against" her, and that the resulting debt

"is non-dischargeable in bankruptcy, since it is [for] ... a wilful and malicious injury." Complaint at ¶¶ 4 & 6. *See* 11 U.S.C. § 523(a)(6) (excepting from discharge "any debt ... for willful and malicious injury by the debtor to another entity"). The complaint was filed on August 6, 2001, which was the deadline for filing an action under § 523(a)(6). *See generally* F.R.Bankr.P. 4007(c).

The Defendant and his attorney were served by mail with a summons and a copy of the complaint on November 13, 2001. *See generally* F.R.Bankr.P. 7004(b)(9). Rather than answering, the Defendant filed a motion for summary judgment alleging "improper service of process." Motion at p. 1. A hearing was held on the motion, at which the Court invited additional briefs from the parties and took the matter under advisement.

## Discussion

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as

to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

F.R.Civ.P. 4(m) (incorporated by F.R.Bankr.P. 7004(a)).

The Plaintiff's service of process on November 13, 2001, was within the 120 days permitted by Rule 4(m). That service, however, was with an expired summons. *See* F.R.Bankr.P. 7004(e); *see also In re Williams,* 178 B.R. 255, 257–58 (Bankr. D.Mont.1995) (The service of a summons outside the 10–day limit imposed by what is now Rule 7004(e) is invalid.). Moreover, the 120–day deadline passed shortly before the Defendant filed his motion, and he argues that dismissal is therefore appropriate pursuant to Rule 4(m).[1]

We previously held that courts have the discretion under Rule 4(m) to grant additional time within which to serve process notwithstanding the absence of good cause for failure to meet the 120–day

---

1. The motion invokes "FRCP 12 and FRCP 56." Motion at p. 1. Since it is predicated on non-compliance with Rule 4(m), it will be treated as a motion to dismiss pursuant to F.R.Civ.P. 12(b) (incorporated by F.R.Bankr.P. 7012(b)), rather than as a motion for summary judgment pursuant to F.R.Civ.P. 56 (incorporated by F.R.Bankr.P. 7056). *See* F.R.Civ.P. 12(b)(4) (providing for the defense of "insufficiency of process" to be made by motion); F.R.Civ.P. 12(b)(5) (providing for the defense of "insufficiency of service of process" to be made by motion); 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1353 (2000 Supp.) ("The motions authorized by Rules 12(b)(4) and 12(b)(5) permit defendant to challenge any departure from the procedure for serving him with the summons and complaint.... Under these provisions defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set

forth in or incorporated by Rule 4." (footnote omitted)); *In re Love,* 232 B.R. 373, 375 n. 2 (Bankr.E.D.Tenn.), *aff'd,* 242 B.R. 169 (E.D.Tenn.1999), *aff'd,* No. 00–5038, 2001 WL 182373 (6th Cir. Feb. 12, 2001) ("In his Motion, the Debtor states that he seeks relief under Fed.R.Civ.P. 12(b)(2), (4) and (5).... Because the Debtor grounds his argument for dismissal exclusively on the Plaintiffs' alleged failure to properly serve him with process, the court will consider the Motion solely under Rule 12(b)(5)."); *cf. Futernick v. Sumpter Township,* 207 F.3d 305, 313 (6th Cir.2000) ("Despite the title that Futernick provides, his post-judgment motion is not a motion to enforce a settlement agreement in the ordinary sense.... Because Futernick's motion really seeks modification of the April 14 and May 6 judgments, we will treat ... [the] motion as one brought pursuant to Federal Rule of Civil Procedure 60(b)." (footnote omitted)).

deadline prescribed by that rule. *In re Madar*, 218 B.R. 382, 383–84 (Bankr. E.D.Mich.1998). In his post-hearing brief, the Defendant offers no persuasive reason for altering the position we took in *Madar*.[2] Thus there are potentially two questions raised by his motion to dismiss: (i) whether there is "good cause" for extending the 120–day deadline; and (ii) whether extension of the deadline is appropriate, notwithstanding the absence of "good cause." As in *Madar*, we will not address the first of these questions because the latter question must be answered in the affirmative. *See id.* at 385 ("[W]hile courts in other circuits have received marching orders to 'first determine whether good cause exists,' . . . that preliminary inquiry would serve little or no purpose here. The Court therefore bypasses the 'good-cause' issue altogether and will deny the Defendant's motion for dismissal based on the considerations identified herein." (citations and footnote omitted)).

Were the Court not to allow an extension, the Plaintiff's action would be time-barred. This consideration militates in favor of granting the extension. *See* Advisory Committee Notes (1993 Amendments) foll. F.R.Civ.P. 4 ("Relief [under Rule 4(m)] may be justified . . . if the applicable statute of limitations would bar the refiled action. . . ."); *Petrucelli v. Bohringer &*

*Ratzinger, GMBH Ausdereitungsanlagen*, 46 F.3d 1298, 1305–06 (3d Cir.1995); *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D.Mich.2001); *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999); *Goodstein v. Bombardier Capital*, 167 F.R.D. 662, 666 (D.Vt.1996); *Madar*, 218 B.R. at 384 and authorities cited therein; *see generally, e.g., United States v. Real Property and All Furnishings Known as Bridwell's Grocery & Video, U.S.*, 195 F.3d 819, 820 (6th Cir.1999) ("[T]his court has indicated a 'strong preference for trials on the merits.' " (citation omitted)).

Another consideration is whether extension would prejudice the defendant. *See Wise*, 196 F.R.D. at 57; *Goodstein*, 167 F.R.D. at 666–67; *Madar*, 218 B.R. at 384. In this case, through service of the expired summons, both the Defendant and his counsel presumably had actual notice of the complaint within the 120–day time frame. *Cf. Slenzka*, 204 F.R.D. at 326 (". . . Defendant cannot claim unfair surprise at the prospect of defending this suit as it had notice of the lawsuit prior to the expiration of the 120–day period for service."); *In re Richardson*, 221 B.R. 956, 960 (D.Wyo.1998) (suggesting that timely service of an expired summons may constitute "good cause" for extending the 120–

**2.** We then observed that the Sixth Circuit had indicated, in the case of *Byrd v. Stone*, 94 F.3d 217 (6th Cir.1996), that Rule 4(m) mandates dismissal where good cause is not shown. *See In re Madar*, 218 B.R. 382, 383 n. 1 (Bankr.E.D.Mich.1998); *Byrd*, 94 F.3d at 219. Since *Madar* was decided, the Sixth Circuit has reaffirmed *Byrd*. *See Catz v. Chalker*, 142 F.3d 279, 289 n. 10 (6th Cir.1998), *amended*, 243 F.3d 234 (6th Cir.2001); *Leisure v. State of Ohio*, No. 00–4569, 2001 WL 700866, at *1 (6th Cir. June 11, 2001). Because the latter case is unpublished, it has no precedential force. *See, e.g., Salamalekis v. Commissioner of Soc. Security*, 221 F.3d 828, 833 (6th Cir. 2000).

As in *Byrd*, the Sixth Circuit in *Catz* simply assumed without discussion that Rule 4(m) requires a finding of good cause. Thus neither case is binding. *See Madar*, 218 B.R. at 383 n. 1; *see also Wise v. Department of Defense*, 196 F.R.D. 52, 56 (S.D.Ohio 1999) (Rice, J.) (holding that Rule 4(m) permits extensions in the absence of good cause, and explicitly declining to follow *Catz* or *Byrd*); *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324–26 (E.D.Mich.2001) (adopting *Wise's* analysis); *Sprader v. Goodson*, No. 2–00–946, 2001 WL 506528 at *5–*6 (S.D.Ohio Apr. 17, 2001) (Smith, J.) (same); *cf. Love*, 232 B.R. at 379–80 (accepting *arguendo Madar's* conclusion that *Byrd* is not binding).

day deadline). And in any event, there is no evidence that the delay in prosecution of this matter would have a significant adverse impact on the Defendant's ability to defend himself. *Cf. Craft v. United States*, 233 F.3d 358, 372 (6th Cir.2000), *cert. granted*, 533 U.S. 976, 122 S.Ct. 23, 150 L.Ed.2d 804 (2001) ("Sandra cannot show that she suffered prejudice simply because the IRS changed its legal theory.... 'Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case.'" (citation omitted)).

For these reasons, the Court concludes that extension is appropriate. *See Slenzka*, 204 F.R.D. at 326; *Wise*, 196 F.R.D. at 56–57; *Goodstein*, 167 F.R.D. at 666–67; *Madar*, 218 B.R. at 384–85.

The Defendant suggests that such a conclusion is at odds with *In re Love*, No. 00–5038, 2001 WL 182373 (6th Cir. Feb.12, 2001). *See* Defendant's Post–Hearing Brief at p. 2. Since that decision was unpublished, however, it is not binding. *See supra* n. 2.

Nor is the Sixth Circuit's decision in *Love* on point. It is true that the bankruptcy court in that case declined to "use the discretion arguably afforded it under Rule 4(m) to allow an extension of the 120–day time period for obtaining service," notwithstanding the fact that the defendant had timely actual knowledge of the complaint, and despite the fact that the plaintiffs would be barred from filing a new complaint. *In re Love*, 232 B.R. 373, 380 (Bankr.E.D.Tenn.), *aff'd*, 242 B.R. 169 (E.D.Tenn.1999), *aff'd*, No. 00–5038, 2001 WL 182373 (6th Cir. Feb. 12, 2001). But the court also rejected the plaintiffs' argument that extension was appropriate under Bankruptcy Rule 9006(b), which generally permits such action if the party's failure to comply with a deadline is attributable to "excusable neglect." F.R.Bankr.P. 9006(b)(1). *See Love*, 232 B.R. at 380–81.

In affirming the bankruptcy court, the district court addressed only the Rule 9006(b) issue. *See Love*, 242 B.R. at 171–72. The Sixth Circuit, in turn, affirmed "for the reasons stated by the district court." *Love*, 2001 WL 182373 at *1. So while *Love* seemingly presented a good opportunity for the Sixth Circuit to clarify whether there is discretionary authority under Rule 4(m), *see supra* n. 2, and—assuming such authority does exist—the circumstances warranting its exercise, the court apparently passed.

As indicated, the decision of the bankruptcy court in *Love* *is* on point, and contrary to the result we reach today. In our view, however, the court's rationale is unpersuasive.

The bankruptcy court reasoned that an extension "would be inequitable[,] ... would require [it] ... to ignore the dilatory actions of the Plaintiffs, would unjustly reward the Plaintiffs, and would deprive Rule 4(m) of its vitality." *Love*, 232 B.R. at 380. Since there was no finding that the defendant would have been prejudiced by the granting of an extension, it is not clear why the court believed that doing so would be "inequitable" or "unjust[ ]." And as the court's own analysis demonstrates, the charge of "dilatory" behavior is in essence simply a restatement of the hypothesis—*i.e.*, that good cause is lacking. *See id.* ("The Plaintiffs showed no diligence in their efforts to serve the Debtor within the 120–day time period. Accordingly, good cause for failing to make [timely] service on the Debtor ... has not been shown."). In this respect, then, *Love* seems to be making the senseless declaration that, assuming courts have the power to grant an extension without a showing of good cause, it will not do so because there has been no showing of good cause.

*Love* also expressed concern for maintaining Rule 4(m)'s "vitality." *Id.* What bears emphasis in this regard is that the rule's drafters clearly contemplated extensions in the absence of good cause if dismissal would mean that the action was forever barred. *See* Advisory Committee Notes (1993 Amendments) foll. F.R.Civ.P. 4 (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.* ... *Relief may be justified* ... *if the applicable statute of limitations would bar the refiled action* ...."[3] (emphasis added)). Contrary to what *Love* suggests, then, we believe that extension under the circumstances of this case is entirely consistent with both the 0letter and spirit of Rule 4(m).

An order shall enter denying the Defendant's motion, and directing the Plaintiff to effect service on or before April 5, 2002.

---

**3.** The drafters cite as another possible grounds for extension under Rule 4(m) efforts by the defendant to "conceal[ ] a defect in attempted service." Advisory Committee Notes (1993 Amendments) foll. F.R.Civ.P. 4. Love brought the service defect to the plaintiffs' attention before the 120-day period under Rule 4(m) had expired. *See Love,* 232 B.R. at 379–80. In this case, it appears that the Defendant waited approximately 3 weeks after receiving the summons, and until the 120-day deadline had expired, to file his motion challenging the validity of service.