**In re Donald Edgar RICHARDSON, Don Richards, Debtor.**

**Donald RICHARDSON, Defendant–Appellant,**

**v.**

**HIDY HONDA, INC., Plaintiff–Appellee.**

Bankruptcy No. 95–10255.

No. 97–CV–71–J.

United States District Court, D. Wyoming.

June 26, 1998.

Stephen R. Winship, Winship & Associates, Casper, WY, for Donald Edgar Richardson.

Bruce N. Willoughby, Keith Aurzada, Brown, Drew, Massey & Sullivan, Casper, WY, David W. Cox, Xenia, OH, for Hidy Honda, Inc.

### ORDER AFFIRMING APPEAL FROM BANKRUPTCY COURT

ALAN B. JOHNSON, Chief Judge.

#### I. Introduction

This case is before the court on the debtor's appeal of the bankruptcy court's determination that his debt to Hidy Honda, Inc. was nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4) as a debt for embezzlement. Debtor/appellant Donald Richardson admits that the original debt was obtained through his wrongdoing, but contends that the bankruptcy court erred on procedural and substantive matters and therefore the current debt is dischargeable in bankruptcy. The court has considered the entire file and is fully advised.

#### II. Factual and Procedural Background

Debtor admits that his original debt to Hidy Honda arose from his wrongful taking of money entrusted to him. He filed the following affidavit in the adversary proceeding, setting forth sufficient background for the purposes of this appeal.

2. That in 1989, I was an independent automobile broker living and working in Scottsdale, Arizona.

3. That in that year, I had contracted with Buckeye Acura to purchase several automobiles, which Buckeye Acura would transport and resell in Ohio.

4. That there was no written contract between Buckeye and myself. The terms were arranged over the telephone whereby upon receipt of Buckeye's check of $200,-000.00, I would make the automobile purchase.

5. Because of other urgent financial needs, I did not use the funds from Buckeye to purchase the vehicles.

6. In early 1990, I was arrested because of the above situation.

7. As shown by Exhibit "A," I pleaded guilty in United States District Court for the District of Arizona on September 17, 1990 to a violation of 18 U.S.C. § 2314.

8. During my probation, I made the required restitution payments through the probation office.

9. That at the completion of my probation, I was directed by the U.S. Attorney's Office (Exhibit "B"), to execute the Promissory Note attached hereto as Exhibit "C."

Record 74–75.

Debtor pleaded guilty to one count of Interstate Transportation of Stolen Monies in violation of Title 18. He was placed on five years' probation and ordered to pay $300 a month restitution through the U.S. Department of Justice. Pursuant to this obligation he executed a promissory note in the amount of $195,587.50 in favor of the Financial Litigation unit of the U.S. Attorney's office. The last payment on this first note was to be paid on September 5, 1995. On October 10, 1995, debtor was notified he was to make the restitution payments directly to his victim, Hidy Honda. Pursuant to this obligation, he executed a second promissory note on September 5, 1995, the same day his probation ended. The second note is in the amount of $194,687.50 and it provides:

For value received and pursuant to the restitution provisions previously ordered

by the Untied States District Judge in its judgment and commitment order in *United States v. Donald Edgar Richardson*, CR 90–00016–PHX–RGS, I promise to pay *Make Traen/Buckeye Acura* at c/o *Hindy [sic] Honda, 1031 Cincinnati Avenue, Xenia, OH, 45385*, the sum of *$194,687.50*, payable in monthly installments of *$300.00* by the 10th day of each month, commencing *10/95*.

      \*     \*     \*     \*     \*     \*

This note shall be governed by and construed in accordance with the laws of the State of Arizona. . . .

Record at 79 (underlining in original).

The note has a default acceleration clause and an attorney's fee provision. *Id.*

On November 13, 1995, two months after signing the second note, debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On January 24, 1996, Hidy Honda filed a complaint to determine the dischargeability of its debt. On February 27, 1996, the last day to file complaints to determine the dischargeability of debts, Hidy Honda filed its Amended Complaint. At that time Hidy Honda was represented by out-of-state attorneys. On February 27, 1996, the Clerk of the Bankruptcy Court issued a summons to accompany service of the complaint. Service was made by placing the summons and complaint in the mail on March 7, 1996.[1] It was postmarked on March 13, 1996. The debtor says he received it on March 20, 1996.

On March 22, 1996, debtor filed a Motion to Dismiss the adversary proceeding alleging that Hidy Honda had not retained local counsel as required by Local Bankruptcy Rule (L.B.R.) 910(a) and (b). On March 28, 1996, the bankruptcy court ordered compliance with those rules. Rec. at 122. Hidy Honda timely complied. Its out-of-state attorney was admitted to practice in this district pro hac vice on April 11, 1996. Its local counsel entered his appearance on April 9, 1996. The bankruptcy court then denied debtor's Motion to Dismiss as moot.

On August 8, 1996, the debtor filed a Motion for Summary Judgment on the basis that service of process was not made with a valid summons pursuant to Fed.R.Bank.P. 7004(b)(9) and (f) and L.B.R. 910. On October 11, 1996, the bankruptcy court denied the motion. He found that the summons was stale and therefore the service was ineffective. However, pursuant to Fed.R.Civ.P. 4(j), as made applicable to adversary proceedings pursuant to Fed.R.Bank.P. 7004, the bankruptcy court also found good cause to permit Hidy Honda to re-serve the summons and complaint. Hidy Honda did re-serve the summons and complaint.

Debtor and Hidy Honda filed cross-motions for summary judgment seeking a determination of whether the debt was nondischargeable under 11 U.S.C. § 523(a)(4). The parties submitted the case on their cross-motions for summary judgment and stipulated facts. Rec. at 44. The bankruptcy court found that although the Arizona statute of limitations for filing a civil action on a claim for embezzlement had expired, the debt arose from Richardson's embezzlement and therefore was non-dischargeable. The bankruptcy court further found that Hidy Honda was the successor-in-interest to Buckeye Acura Inc., of Xenia, Ohio. As assignee of the note, it therefore had standing to pursue claims, including a claim for non-dischargeability, based upon the note. Debtor timely appealed.

### III. Issues on Appeal

■ The debtor contends that the bankruptcy court erred because the dischargeability complaint was not filed timely. He contends that the bankruptcy court abused its discretion in finding that there was good cause to extend the time for service. He also contends that the complaint was not timely filed because it was signed by counsel, who at the time of the signature was an out-of-state attorney. The debtor contends that the debt was unenforceable under state law because the statute of limitations for bringing a civil action on the basis of embezzlement under Arizona state law had expired. He contends that a subsequent promissory note memorializing a nondischargeable debt supersedes and extinguishes the nondischargeable nature of that debt. He also appeals the bank-

---

1. Fed.R.Bank.P. 7004(b) allows service by first class mail.

ruptcy court's decisions to consider an affidavit of David Hidy and its resulting finding that Hidy Honda was the proper party in interest.

Hidy Honda contends that the bankruptcy court's decision is supported by the record and the law.

## IV. Jurisdiction and Standard of Review

This court has jurisdiction pursuant to 28 U.S.C. § 158(c)(1)(B). This court reviews the bankruptcy court's legal conclusions de novo. *Gillickson v. Brown (In re Brown)*, 108 F.3d 1290, 1292 (10th Cir.1997).

> However, we review the bankruptcy court's findings which underpin its conclusions under the more deferential clearly erroneous standard. *In re Wes Dor, Inc.*, 996 F.2d 237, 241 (10th Cir.1993). We review de novo mixed questions consisting primarily of legal conclusions drawn from the facts. *Id.* Finally, we are cognizant in our review of the requirement that the Bankruptcy Code must be construed liberally in favor of the debtor and strictly against the creditor. *In re Adlman*, 541 F.2d 999, 1003 (2d Cir.1976).

*Gillickson*, 108 F.3d at 1292.

This court reviews a bankruptcy court's decision to extend the time for service of process for "good cause" under Fed.R.Civ.P. 4(j) to determine whether it abused its discretion. *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir.1997).

> "It is, of course, well-established that 'good cause' determinations entail discretionary conclusions by the [trial] court and will not be disturbed absent an abuse of discretion." *Floyd v. United States*, 900 F.2d 1045, 1046 (7th Cir.1990). The trial court abuses its discretion in determining whether there is "good cause" if its decision is arbitrary, capricious, or whimsical. *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir.1991).

*Hendry*, 116 F.3d at 449 (affirming trial court's finding of good cause to extend time for service under Fed.R.Civ.P. 4(m)).

## V.

### A. Complaint Timely Filed

The debtor contends that the bankruptcy court erred in finding that there was good cause to allow service of the later summons and complaint. He contends that Rule 4(j) rather than the newer and more liberal Rule 4(m) should apply to this case.

Bankruptcy Rule 7004 provides for service in an adversary proceeding. Subsection (f) of this rule provides in part:

> If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If the summons is not timely delivered or mailed, another summons shall be issued and served.

Rule 7004 incorporates the major portion of Fed.R.Civ.P. 4. As a preliminary matter, it appears that the debtor is correct that former subsection (j) rather than current subsection (m) of Fed.R.Civ.P. 4 is applicable to the issue before this court. In 1993, Fed.R.Civ.P. 4 was amended and subsections redesignated. Among other changes, former subsection (j) was replaced with current subsection (m). However, it was not until the 1996 amendments to the Federal Rules of Bankruptcy Procedure, effective December 1, 1996, that this change was made applicable to adversary proceedings by Fed.R.Bank.P. 7004. *See Broitman v. Kirkland (In re Kirkland)*, 181 B.R. 563, 566 (D.Utah 1995) (collecting cases) and *Barr v. Barr (In re Barr)*, 217 B.R. 626, (Bankr.W.D.Wash.1998) (noting that Rule 4(m) was later incorporated into Rule 9004 effective December 1, 1996). All of the events at issue regarding service in this case occurred prior to December 1, 1996. Therefore, former Rule 4(j) is applicable. It provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service is required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the

court's own initiative with notice to such party or upon motion.

Former Fed.R.Civ.P. 4(j).

The debtor did receive a copy of the summons and complaint well within the 120 days provided by law. He received them less than 30 days after the filing of the Amended Complaint. As noted by the bankruptcy court, the debtor then participated in the adversary proceeding as if effective service had been made. The rule relating to "stale" summonses requires merely that the summons be reissued and re-served. Fed.R.Bank.P. 7004(f); *See Barr*, 217 B.R. at 631 (plaintiff's "failure to comply with the ten day time limit was not fatal to her case"). Under the facts of the case as determined by the bankruptcy court, the court finds no abuse of discretion in the bankruptcy court's finding of good cause to extend the time for service.

■ The debtor also contends that the adversary proceeding was not timely filed because the complaint was not signed by a resident attorney. The court finds no error or abuse of discretion in the bankruptcy court's determination that this issue was moot when counsel was admitted pro hac vice and obtained local counsel. Therefore, the complaint was timely filed.

B. Embezzlement

■ Section 523(a)(4) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt ... for embezzlement." 11 U.S.C. § 523(a)(4).

The United States Supreme Court has recently examined dischargeability of a debt under a related subsection of § 523 in the case *Cohen v. de la Cruz*, — U.S. ——, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). *Cohen* involved a complaint to determine the dischargeability of a debt for treble damages for "fraud" under 11 U.S.C. § 523(a)(2)(A). The Supreme Court's discussion of several matters is applicable to this case:

> The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an "honest but unfortunate debtor." *Grogan v. Garner*, 111

S.Ct. at 659–660.... A "debt" is defined in the Code as "liability on a claim," § 101(12), a "claim" is defined in turn as a "right to payment," § 101(5)(A), and a "right to payment," "we have said is nothing more nor less than an enforceable obligation." *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 559, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). Those definitions "reflec[t] Congress' broad ... view of the class of obligations that qualify as a 'claim' giving rise to a 'debt,'" *id.*, 495 U.S. at 558.

\* \* \* \* \* \*

> Petitioner's reading of "debt for" in § 523(a)(2)(A), however, is at odds with the meaning of the same phrase in parallel provisions. Section 523(a) defines several categories of liabilities that are excepted from discharge, and the words "debt for" introduce many of them, viz., "debt ... for a tax or a customs duty ... with respect to which a return ... was not filed," § 523(a)(1)(B)(i), "debt .. for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," § 523(a)(4), "debt ... for willful and malicious injury by the debtor to another entity," § 523(a)(6), and "debt ... for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated," § 523(a)(9). None of these use "debt for" in the restitutionary sense of "liability on a claim to obtain"; it makes little sense to speak of "liability on a claim to obtain willful and malicious injury" or "liability on a claim to obtain fraud or defalcation." Instead, "debt for" is used throughout to mean "debt as a result of," "debt with respect to," "debt by reason of," and the like, *see* American Heritage Dictionary 709 (3d ed.1992); Black's Law Dictionary 644 (6th ed.1990), connoting broadly any liability arising from the specified object, *see Davenport, supra*, at 563, 110 S.Ct. 2126, (characterizing § 523(a)(7), which excepts from discharge certain debts "for a fine, penalty, or forfeiture" as encompassing "debts arising from a 'fine, penalty, or forfeiture' ").

\* \* \* \* \* \*

The various exceptions to discharge in § 523(a) reflect a conclusion on the part of Congress "that the creditors' interest in recovering full payment of debts in these categories outweigh[s] the debtors' interest in a complete fresh start." *Grogan*, 498 U.S. at 287.

*Cohen*, 118 S.Ct. at 1216–17 and 1218.

Debtor contends that because the time period under state law for bringing a civil action based upon an allegation of embezzlement has expired, Hidy Honda is now barred from determining that the debt evidenced by the promissory note was the result of, or by reason of, embezzlement. In support of this position, debtor relies upon a line of cases represented by *In re Pascucci*, 90 B.R. 438 (Bankr.C.D.Cal.1988).[2]

Arizona law provides a two-year statue of limitations for a cause of action for embezzlement. Ariz.Rev.Stat. § 12–542(5); *Estate of Kirschenbaum v. Kirschenbaum*, 164 Ariz. 435, 793 P.2d 1102, 1104 (App.Div. 2 1989). Debtor contends that because this action was not brought within the two-year period the debt for embezzlement is "extinguished." This is not correct. The debt owned by debtor to Hidy Honda was memorialized under two successive promissory notes. Under any statute of limitations analysis, the debt remains fully enforceable, unless it is dischargeable in bankruptcy.

The court agrees with the bankruptcy court's analysis of the issue of the state law statute of limitations and with its interpretation of the Tenth Circuit's decision in *In re McKendry*, 40 F.3d 331, 337 (10th Cir.1994); *reh'g denied* (1994).

The question in *McKendry* was "where a debt has been reduced to judgment in state court, can the bankruptcy court be barred by a state statute of limitations from considering the underlying nature of the debt in determining whether that debt is dischargeable." *Id.* at 336. This same issue is presented in this case, with the unimportant difference that the debt was reduced to judgment in federal court pursuant to a criminal restitu-

tion order. As noted by the court in *McKendry:*

In bankruptcy court there are two separate and distinct causes of action:

One cause of action is on the debt and the other cause of action is on the dischargeability of that debt, a cause of action that arises solely by virtue of the Bankruptcy Code and its discharge provisions. . . .

\*   \*   \*   \*   \*   \*

Until the debtor filed his petition for relief under the Bankruptcy Code, the plaintiffs obviously had no cause of action under § 523(a)(4) . . . The only relevant question with respect to Ohio's statute of limitation is whether the plaintiffs sought to enforce their "debt" against the debtor within the period prescribed by the statute of limitations. The debtor does not dispute that the plaintiffs did so. In the instant adversary proceeding, the nature of the alleged debt, i.e., whether the debt is of a type determined by Congress to be nondischargeable, is to be decided by the this court.

\*   \*   \*   \*   \*   \*

We likewise find two distinct issues in a nondischargeability proceeding. The first, the establishment of the debt itself, is governed by the state statute of limitations—if suit is not brought within the time period allotted under state law, the debt cannot be established. However, the question of the dischargeability of the debt under the Bankruptcy Code is a distinct issue governed solely by the limitations period established by bankruptcy law. In this case, the debt has already been established so the state limitations period is immaterial. The only applicable limitations period is the sixty day period provided by § 523(c). Because the [creditor] filed its complaint for a determination of dischargeability within the sixty day period provided in § 523(c), the district court erred in holding that the [creditor] was barred by the state

---

**2.** The court finds reliance on these cases in the debtor's brief to be unsupportable when the Tenth Circuit in *McKendry, infra* expressly reject-

ed as "unpersuasive" *Pascucci* and the line of cases it represents.

statute of limitations from proving the underlying nature of the debt.

40 F.3d at 336–37 (quoting *In re Moran*, 152 B.R. 493, 495 (Bankr.S.D.Ohio 1993)).

In this case, as in *McKendry*, the debt has already been established so the state limitations period is immaterial. As discussed above, the complaint was timely filed within the period provided in § 523(c). Therefore the bankruptcy court correctly proceeded to determine the underlying nature of the debt.

■ The debtor also contends that any claim Hidy Honda had against the debtor was satisfied and superseded by the second promissory note. In support of this position he cites *Matter of West*, 22 F.3d 775, 777 (7th Cir.1994).

This case is distinguishable from *West* because in this case there was no settlement and express release between Hidy Honda and the debtor. Instead, the promissory notes were imposed upon the debtor as part of the court-ordered criminal restitution obligation. *See United States v. Walters*, 176 B.R. 835, 880 (distinguishing *West*) and *Roy v. United States* (*In re Roy*), 189 B.R. 245, 247 (Bankr.D.N.H.1995) (*West* inapplicable where facts show no express release, "much less any facts which convince the Court that the parties intended to substitute the new obligation for the old").

Further, this court finds persuasive and will follow the opinion of the Court of Appeals for the District of Columbia, which rejected the rationale of *West* in *United States v. Spicer*, 57 F.3d 1152 (D.C.Cir.1995) *cert. denied*, 516 U.S. 1043, 116 S.Ct. 701, 133 L.Ed.2d 658 (1996). In *Spicer*, the court held that a debtor may not alter the nondischargeable form of his or her debt "through the alchemy of a settlement agreement." This court believes that to follow *West* would be contrary to the public policy embodied in § 523's exceptions to discharge. In rejecting *West*, the court in *Spicer* followed the case *Greenberg v. Schools*, 711 F.2d 152 (11th Cir.1983). Thus, the *Spicer* court held that "[r]ather than looking to the current legal form of the debt, the court should inquire into the factual circumstances behind the settlement agreement to ascertain whether ...

the debt ... was derived from the alleged fraudulent conduct.'" 57 F.3d at 1155 (quoting *Greenberg*, 711 F.2d at 156).

The debtor's guilty plea to the charge of the crime of transportation of stolen moneys establishes the elements of embezzlement and he is collaterally estopped from re-litigating those matters established by his guilty plea. In fact, he did not seek to do so in the bankruptcy proceeding, instead relying on many of the same arguments he brings on appeal. Thus, the debt evidenced by the second promissory note was undisputedly "as the result of" or "with respect to" embezzlement and therefore was a "debt for" embezzlement within the meaning of § 523(a)(4). *See Cohen, supra*. The bankruptcy court determined that the debt was nondischargeable pursuant to § 523(a)(4) and this court finds no error in that decision.

### C. Standing

■ As noted by the bankruptcy court, the debtor does not argue that Hidy Honda's allegation of ownership is untrue or disputed. Instead he merely contends that the affidavit of David Hidy is explaining that Hidy Motors is the successor in interest to Buckeye Acura and that the second promissory note is an asset of Hidy Motors, Inc., is insufficient to establish ownership. This court agrees with, and finds fully supported by the record, the bankruptcy court's finding that debtor did not raise an issue of fact to contest Hidy Honda's right to proceed in actions on the note. The court finds no abuse of discretion in the bankruptcy court's having considering the affidavit.

### VI.

For the foregoing reasons, this court finds the bankruptcy court's findings to be fully supported by the record and finds no error in its conclusions of law. Accordingly, it is therefore

ORDERED that the bankruptcy court's February 3, 1997, Order on Cross–Motions for Summary Judgment determining that the debt of debtor/appellant to Hidy Motors is

non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4) is **AFFIRMED.**