

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-1997

# Boley v. Kaymark

Precedential or Non-Precedential:

Docket
96-3573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Boley v. Kaymark" (1997). *1997 Decisions.* Paper 205.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 25, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3573

WAYNE E. BOLEY,
        Appellant,

v.

DALE KAYMARK,

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 95-cv-01018)

Argued: June 3, 1997

Before: BECKER, SCIRICA, Circuit Judges, and
SCHWARZER,* Senior District Judge.

(Filed August 25, 1997)

        ANDREW J. CONNER, ESQUIRE
          (ARGUED)
        Conner & Riley
        17 West Tenth Street
        Erie, PA 16501

Attorney for Appellant
Wayne E. Boley

_____

*Honorable William W Schwarzer, Senior United States District Judge for
the Northern District of California, sitting by designation.

        MICHAEL A. CHAGARES, ESQUIRE
          (ARGUED)
        MICHAEL C. TURZAI, ESQUIRE
        Houston Harbaugh, P.C.
        Twelfth Floor
        Two Chatham Center
        Pittsburgh, PA 15219

        Attorneys for Appellee
        Dale Kaymark

OPINION OF THE COURT

SCHWARZER, Senior District Judge.

The question before us is whether the district court abused its discretion in denying plaintiff's motion under Fed. R. Civ. P. 4(m) for additional time to serve process.

PROCEDURAL HISTORY

On July 6, 1993, defendant Dale Kaymark allegedly injured plaintiff Wayne E. Boley in an automobile collision in Beaver County, Pennsylvania. Almost two years later, on July 3, 1995, Boley filed a complaint in the United States District Court for the Western District of Pennsylvania.[1] Two days after filing the complaint Boley attempted to serve Kaymark by sending a copy of the complaint and summons to his home address via certified mail. The mailing did not include the forms necessary for Kaymark to waive personal service under Fed. R. Civ. P. 4(d). Absent a waiver, the Federal Rules require either personal service or, pursuant to Fed. R. Civ. P. 4(e)(1), service that complies with state law.[2] Boley, however, made no further attempt to perfect service within the 120-day period required by Fed. R. Civ. P. 4(m).

_____

1. Pennsylvania's statutory period for bringing a personal injury action is two years. 42 Pa. Cons. Stat. S 5524(2).

2. Boley's attempted service by mail was insufficient under Pennsylvania law. See Pa. R. Civ. P. 400, 403.

2

On February 22, 1996, Kaymark moved to dismiss Boley's complaint under Fed. R. Civ. P. 12(b)(5) for failure to serve process within 120 days.[3] On March 4, 1996, Boley moved the court for an extension of time to serve pursuant to Fed. R. Civ. P. 4(m). The district court denied Boley's motion to extend time and granted Kaymark's motion to dismiss the complaint on August 29, 1996. Boley timely filed this appeal.[4] The district court had jurisdiction under 28 U.S.C. S 1332, and we have appellate jurisdiction pursuant to 28 U.S.C. S 1291.

DISCUSSION

We review the district court's denial of a Rule 4(m) motion to extend time to serve for abuse of discretion. Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). The determination whether to extend time involves a

two-step inquiry. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. Id.; see also , Fed. R. Civ. P. 4(m). If good cause does not exist, the district court must consider whether to grant a discretionary extension of time. MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995), cert. denied, 117 S. Ct. 64 (1996).

_____

3. In response to Kaymark's motion to dismiss, Boley twice attempted service by mailing to Kaymark's residence additional copies of the complaint and summons, along with the waiver form. Apart from being untimely, the mailings did not effect service because Kaymark did not execute and return the waiver.

4. On September 9, 1996, Boley filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(1) and (6). On October 7, Kaymark filed its opposition. Meanwhile, on September 26, Boley filed his notice of appeal. The district court did not rule on the motion. In his brief, Boley has appended a copy of his motion together with the attached exhibits, which were not a part of the record before the district court when it ruled on the motion to dismiss. We grant Kaymark's motion to strike those portions of Boley's motion that were not before the district court. See Fed. R. App. P. 10(a); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1307 n.12 (3d Cir. 1995); Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 n.2 (3d Cir. 1988).

3

A. Mandatory Extension for Good Cause

The district court found that good cause had not been shown for Boley's failure to effect timely service. In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. at 1097. Nothing in the record before the district court justified Boley's ineffective attempts at service and his failure to make a timely motion for an extension of time; as in MCI, the district court was "presented with no explanations as to what, if any, circumstances constitute sufficient `good cause' to excuse [plaintiff 's] apparent lack of diligence." Id. The district court therefore did not abuse its discretion in finding that good cause had not been shown.

B. Discretion to Extend Time for Service

The district court acknowledged that even in the absence of good cause, Rule 4(m) gives it discretion to extend the time for service. See Petrucelli, 46 F.3d at 1307. It said:

> The Court notes that even in the absence of good cause
> we may either dismiss the case without prejudice or
> extend time for service. The Court declines to grant an
> extension because of Boley's inexcusable delays and
> the prejudice such an extension would impose on
> Kaymark.

The court's summary statement in effect recapitulates its reasons for finding lack of good cause. That finding was proper for the reasons that (1) Boley had offered no explanation for his delay in making service, and (2) the running of the statute of limitations is not a proper consideration in determining whether good cause exists. Petrocelli, 46 F.3d at 1306. It does not follow, however, that the finding reflects a proper analysis under the discretionary step of Rule 4(m).

That Boley's delays were inexcusable, of course, merely reiterates the substance of the finding of no good cause and standing alone does not reflect an exercise of the discretion Rule 4(m) gives the court to extend time to serve in the absence of good cause. See MCI, 71 F.3d at 1098-99 (granting a discretionary extension on a record devoid of a

4

showing by plaintiff of good cause). Critical to that finding was Boley's lack of explanation. See id. at 1097 ("absence of prejudice alone can never constitute good cause"). In its discretionary analysis, however, the court relied on its finding of prejudice to Kaymark, premised on the fact that, were an extension of time to effect service given to Boley, Kaymark would lose the benefit of the running of the statute of limitations.

In drafting the amendment of Rule 4(m), the Advisory Committee plainly had in mind, as its Notes state, "authoriz[ing] the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ." Fed. R. Civ. P. 4(m) Adv. Comm. Notes (1993) (emphasis added). Interpreting this rule, under which the court may extend the time for service to avoid the bar of limitations, to authorize the court to refuse to extend it so the defendant may gain the benefit of that bar appears to us to be inconsistent with its purpose. See, e.g., Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 666-67 (D. Vt. 1996) (extending time in part to prevent plaintiff 's case from being barred). We are aware of no decisions refusing to grant an extension to serve under

Rule 4(m) solely on the ground that denying the defendant the benefit of the running of the statute of limitations amounts to cognizable prejudice.

That is not to say that the failure to make timely service may not prejudice a defendant. Delay may damage a defendant's ability to defend on the merits. See, e.g., Gowan v. Teamsters Union (237), 170 F.R.D. 356, 360 (S.D.N.Y. 1997) (witness might not be available to testify and evidence was probably destroyed); Shaw v. Rolex Watch U.S.A. Inc., 745 F. Supp. 982, 988 (S.D.N.Y. 1990) (without ruling on prejudice, court noted that named defendant died in the interim). In other contexts, as well, findings of prejudice have been limited to circumstances in which delay impaired a defendant's ability to defend. See, e.g., Nelson v. County of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995) (under Rule 15(c), prejudice depended on whether defendant for lack of notice would have to

5

assemble evidence when case was already stale) cert. denied, 116 S. Ct. 1266 (1996); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982) (under Rule 60(b), no prejudice absent loss of available evidence or "increased potential for fraud or collusion"). Moreover, actual notice to a defendant that an action was filed militates against a finding of prejudice. See, e.g., Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988) (no prejudice to defendant under Rule 4(j) where defendant had actual notice of plaintiff 's claim and facts on which it was grounded); see also, Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993) (no prejudice under Rule 4(j) where defendant had actual notice of lawsuit); Spencer v. Steinman, ___ F. Supp. ___, 1997 WL 359028, *3 (E.D. Pa. June 24, 1997) (noting that actual notice "is crucial" to determining prejudice to the defendant); Myers v. Secretary of the Dep't. of the Treasury, ___ F.R.D. at ___, 1997 WL 306839 at *5 (E.D.N.Y June 4, 1997) (rejecting prejudice when evidence showed defendant had been involved in settling merits claim). Here, it is not disputed that Kaymark was sent a copy of the complaint only two days after it was filed, and he makes no claim of lack of actual notice.

District courts have consistently interpreted Rule 4(m) in the same way, treating the running of the statute of limitations as a factor favoring the plaintiff and not as a basis for potential prejudice to the defendant. See, e.g., Mason Tenders Dist. Council Pension Fund v. Messara, 1997 WL 221200 *4-5 (S.D.N.Y. April 1, 1997); Rose v. Forbes Metro. Hosp., 72 Fair Empl. Prac. Cas. (BNA) 549, 1996 WL 752530, *2-3 (W.D. Pa. Oct. 18, 1996); National Union Fire

Ins. Co. v. Forman 635 Joint Venture, 1996 WL 272074, *3 (S.D.N.Y. May 21, 1996); Binicewicz v. General Elec. Co., 1995 WL 628425, *2-3 (N.D. Ill. Oct. 25, 1995); Pickney v. Sheraton Soc'y Hill, 1994 WL 376862, *3 (E.D. Pa. July 15, 1994); Williams v. United Parcel Serv., 1991 WL 264651, *2 (N.D. Ill. Dec. 9, 1991).

We conclude that while the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m), it is not a factor that standing alone supports a finding of prejudice to the defendant. As stated by one district court,

6

prejudice "involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." National Union Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291, 294 (S.D.N.Y. 1990).

The district court, of course, retains discretion to refuse to extend time, even if the statute of limitations has run. See Petrucelli, 46 F.3d at 1306 ("a district court may in its discretion still dismiss the case, even after considering that . . . the refiling of an action is barred"). See, e.g., Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 887-88 (8th Cir. 1996) (refusing a discretionary extension of time to serve despite the running of the statute of limitations). In this case, however, the court's exercise of its discretion was premised on an erroneous finding of prejudice.

Because we do not know what choice the district court would have made had it correctly considered the relevant factors bearing on the exercise of discretion, see United States v. Monaco, 23 F.3d 793, 799 (3d Cir. 1994); Lieb v. Topstone Indus. Inc., 788 F.2d 151, 153 (3d Cir. 1986), we VACATE the order and REMAND for further proceedings consistent with this opinion. On remand the district court may find it appropriate to augment the record on the parties' motion.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

7