

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2009

# Chiang v. US Small Bus Admn

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2686

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Chiang v. US Small Bus Admn" (2009). *2009 Decisions.* Paper 1411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 07-2686

GAIL WATSON CHIANG;
CALEDONIA SPRINGS, INC.,

Appellants

v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION

On Appeal from the United States District Court
for the District of the Virgin Islands
(D.C. Civil No. 00-cv-00071)
District Judge: Hon. Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(A)
April 23, 2009

BEFORE: BARRY, HARDIMAN and COWEN, <u>Circuit Judges</u>

(Filed: May 4, 2009)

OPINION

COWEN, <u>Circuit Judge</u>

Gail Watson Chiang and her Virgin Island's based company, Caledonia Springs, Inc., appeal from the District Court's order dismissing the Amended Complaint for failure to timely serve the U.S. Small Business Administration and the Attorney General of the United States (collectively "the Government"). Because Appellants, who were represented by counsel, inexplicably delayed for almost four years before perfecting service on the SBA and the Attorney General, we find that the District Court did not abuse its discretion in declining to grant an extension of time for service of process and dismissing Appellants' Amended Complaint without prejudice. Accordingly, we will affirm.

## I.

On October 31, 2000, Chiang filed an Amended Complaint on behalf of herself and the company she runs with her father and her husband, Caledonia Springs, Inc. The three count Amended Complaint alleged breach of contract and fiduciary duty by the U.S. Small Business Administration ("SBA") and discrimination against Chiang. The allegations arose out of a twelve year course of dealing between Caledonia Springs and the SBA.

The Amended Complaint was properly served on the U.S. Attorney for the District of the Virgin Islands in November of 2000. A copy of the Amended Complaint was also mailed to the Attorney General; however an affidavit from the Attorney General's Office states that it has no record of ever having received the complaint. Both the original

2

Complaint and the Amended Complaint were personally served on Carl Christensen, an Economic Development Specialist for the SBA; however the District Court found nothing in the record to establish that Christensen was authorized to accept service on behalf of the SBA. No further attempts to perfect service were made at that time.

In July of 2004, approximately four years after the filing of the original Complaint, the Government entered a limited appearance and filed a motion to dismiss for lack of proper service. No significant activity occurred on the District Court docket between the filling of the Amended Complaint and the filing of the Government's motion to dismiss. Following the filing of the Government's motion to dismiss, Chiang's husband, Peter, sent copies of the Amended Complaint by certified mail to the SBA and to the Attorney General, finally effecting proper service.

In ruling on the Government's motion, the District Court conducted a two-step analysis, considering first whether Appellants had shown good cause as to why they had not complied with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Finding that Appellants had failed to offer any reason for their non-compliance with requirements of Rule 4, the District Court then considered whether any additional factors existed that warranted granting Appellants an extension of time in which to serve the Amended Complaint, despite the lack of good cause shown. The District Court was not persuaded that relief was justified on account of the expiration of the statute of limitations, which would bar the refiling of the action, because no other factor weighed in

favor of granting an extension of time. Finding no reason to exercise its discretion to extend the time for service, the District Court dismissed the Amended Complaint without prejudice for failure to effect proper service. Chiang filed a timely appeal.

## II.

This Court reviews a dismissal pursuant to Rule 4(m) for abuse of discretion. Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1294.

Proper service is an essential step in establishing a district court's personal jurisdiction over the defendants. Rule 4(i) of the Federal Rules of Civil Procedure very clearly sets out the requirements for service of a summons and complaint on the United States and its agencies. "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff can show "good cause" for the failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." Id. This Circuit has equated good cause with the concept of excusable neglect. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995).

District courts conduct a two-part analysis when determining whether to extend the

4

time for service of a summons and complaint. Boley, 123 F.3d at 758. First, the district court must determine "whether good cause exists for a plaintiff's failure to effect timely service." Id. If good cause does not exist, the district court must then "consider whether to grant a discretionary extension of time." Id.

## A. Mandatory Extension for Good Cause

A showing of good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Indeed, the "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." Boley, 123 F.3d at 758 (quoting MCI, 71 F.3d at 1097).

Despite Appellants' arguments to the contrary, they have not shown good cause for an extension of time for service. The District Court was presented with nothing that was sufficient to excuse Appellants' lack of diligence. See Boley, 123 F.3d at 758. Appellants properly served the Amended Complaint on the U.S. Attorney for the District of the Virgin Islands but they ignored the unequivocal instructions of Rule 4(i) and used unauthorized methods of service on the SBA and the Attorney General. Appellants have offered no explanation for why they were unable to comply with the requirements of Rule 4(i). Nor have Appellants explained why it took them almost four years to move for an enlargement of time and complete service. Indeed, Appellants did not even ask for an

extension of time until after the Government had filed its motion to dismiss.  The fact that Appellants initially made good faith efforts to serve the Attorney General and the SBA, which may have put them notice of the legal action, is of no consequence.  The "absence of prejudice alone can never constitute good cause to excuse late service." MCI, 71 F.3d at 1097.

## B.  Discretion to Extend Time for Service

Even if good cause is not shown, other factors may warrant an extension of time for service.  Petrucelli, 46 F.3d at 1307.  A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.  See Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; Boley, 123 F.3d at 759.

Appellants present two factors that cut in favor of an extension of time that they argue were not properly considered by the District Court.  First, Appellants assert that a dismissal without prejudice would effectively bar their action because in the four years that it took the Government to file its motion to dismiss, the statute of limitations expired on the their underlying causes of action.  Second, Appellants contend that the Government had actual notice of the legal action despite imperfect service, and therefore would not suffer any prejudice on account of the delay.

Although the expiration of the statute of limitations and the lack of prejudice cut in favor of extending the time for service, when balanced against the other factors in this case, it cannot be said that the District Court abused its discretion in denying Appellants' request for an extension of time for service of process.  The running of the statute of limitations may be "a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)," Boley, 123 F.3d at 759, but it "does not require the district court to extend time for service of process," Petrucelli, 46 F.3d at 1306 (emphasis added).  A district court may "still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred."  Id.  In addition, the District Court found that Appellants had been put on notice by a letter from the U.S. Attorney following the improper service of the original complaint that the Government was expecting perfect service and would not waive any defects.  Still, it took Appellants almost four years to perfect service on the SBA and the Attorney General.  During this time Appellants, who were represented by counsel, did not ask the District Court for an extension of time for service until they were facing a motion to dismiss.

**III.**

Given Appellants' lack of explanation for the four year delay in perfecting service on the Government and the other detracting factors, we find that the District Court did not abuse its discretion in denying Appellants' request for an extension of time for service of

7

process and dismissing the Amended Complaint.[1]  Consequently, we will affirm the order

of the District Court.

---

[1] Appellants argue that the District Court abused its discretion because it refused to give them reasonable time to cure a failure of service on the Attorney General and the SBA after they had properly served the U.S. Attorney for the District of the Virgin Islands, as required by Rule 4(i)(4).  Although the District Court did not directly address this question, it can be gleaned from the court's discussion of whether to grant an extension of time for service under Rule 4(m) that three and a half years is not a reasonable time in which to complete service under Rule 4(i).  This is not an unreasonable conclusion.  Accordingly, the District Court did not deprive Appellants of the reasonable time allowed by Rule 4(i) to perfect service on the Government.