**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2048
_____

RICHARD SNYDER; MARION SNYDER,
Appellants

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 09-cv-00025)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2010
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion Filed: December 15, 2010)
_____

OPINION
_____

PER CURIAM.

        Richard and Marion Snyder appeal pro se from the order of the District

Court dismissing their complaint under Rule 4(m) of the Federal Rules of Civil Procedure

for failure to effect service.  For the following reasons, we will affirm.

I.

The Snyders were parties to a 1999 bankruptcy proceeding in the District of Maryland. That proceeding resulted, inter alia, in a 2003 order (which appears to have since been vacated) determining that they were entitled to a federal tax refund for the 1987 fiscal year. Over the years, the Snyders have raised numerous challenges to matters at issue in their Maryland bankruptcy proceeding in numerous courts, including the Maryland state and federal courts and the District of Delaware. In the compliant at issue here, the Snyders allege that the United States has not issued the 1987 refund, retained it in violation of the automatic bankruptcy stay, improperly used it as a set-off against subsequent tax liability, and improperly issued a further assessment in 2007, which they claim to have separately appealed.

The Snyders filed their initial complaint on January 12, 2009. They later filed two amended complaints and numerous motions, including a motion for summary judgment. The United States filed a response to the summary judgment motion, in which it noted that the Snyders had failed to serve it with a court-issued summons. In August 2009, the Snyders filed a reply and an identical document docketed as a "notice of service," asserting that they had indeed served a summons but requesting, apparently as an alternative to acceptance of that argument, an additional 45 days to effect service. The Snyders' "notice" was not docketed as a motion, and the District Court did not rule on it.

Instead, by order entered November 23, 2009, the District Court noted that the docket did not reflect the issuance of a summons and directed the Snyders to show cause why their complaint should not be dismissed under Rule 4(m) for failure to serve a

2

summons within 120 days of filing the complaint. It also directed the Snyders to attach a copy of whatever summons they claimed to have served. The Snyders filed a response, in which they requested additional time to serve but explained neither why they had not effected service previously nor why they required an extension in order to do so.

By order entered December 29, 2009, the District Court dismissed their complaint without prejudice. It also noted the Snyders' long history of challenging matters arising from the Maryland bankruptcy, including an earlier suit which it also dismissed for lack of service, and directed them to show cause why it should not enjoin them from filing further complaints regarding the Maryland proceedings. The Snyders filed a motion for reconsideration of that order, which the District Court denied by order entered February 8, 2010. The February 8 order also granted the Snyders an extension to respond to the show cause order. The Snyders filed their notice of appeal from that order. The District Court later entered an order on April 14, 2010, enjoining the Snyders from filing any future actions regarding the Maryland proceedings without prior authorization. The Snyders did not file a notice of appeal from that order.

II.

This appeal raises threshold issues regarding our jurisdiction. In their brief, the Snyders challenge both the February 8 order denying reconsideration of the dismissal of their complaint and the April 14 anti-filing injunction. We have jurisdiction to review the former but not the latter. The Snyders' appeal from the February 8 order brings up for review the underlying December 29 order dismissing their complaint for failure to

3

serve. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352-53 (3d Cir. 1990). As the District Court noted, that dismissal was without prejudice, and we ordinarily lack jurisdiction to review such dismissals because plaintiffs generally can refile their complaints. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 n.6 (3d Cir. 1995). In this case, however, the District Court's subsequent anti-filing injunction effectively precludes the Snyders from doing so.[1] Thus, we conclude that the anti-filing injunction effectively rendered final the December 29 dismissal of the Snyders' complaint and caused their notice of appeal to ripen and permit review of the December 29 order. See DL Resources, Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 215 (3d Cir. 2007) (citing Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983)). The Snyders, however, did not file a second notice of appeal from the April 14 order, so we lack jurisdiction to review that order.[2]

Turning to the merits, plaintiffs are required to serve (in the absence of a waiver) both the complaint and a court-issued summons, which it is their duty to request from the District Court, within 120 days of the filing of the complaint. See Fed. R. Civ.

---

[1] The injunction leaves open the possibility that the District Court might authorize future filings, but we think it apparent that the District Court will not authorize refiling of the very complaint that prompted it to issue the anti-filing injunction in the first place.

[2] We nevertheless note that the District Court provided the Snyders with notice and an opportunity to respond before entering the injunction and narrowly tailored it to cover only filings related to the Maryland proceedings. See Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989).

P. 4(a), (b), (c) & (m). If the plaintiff fails to do so within that time, Rule 4(m) requires the District Court to determine whether he or she has shown good cause for the failure. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). If so, the District Court must grant an extension to effect service. See id. If not, the District Court may either dismiss the complaint or grant a discretionary extension. See id. We review both the District Court's assessment of good cause and its decision not to grant an extension for abuse of discretion. See id. at 758-59; Petrucelli, 46 F.3d at 1306. We review the denial of reconsideration for abuse of discretion as well, though we review underlying legal determinations de novo and factual findings for clear error. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

We perceive no abuse of discretion here. As the District Court explained, the Snyders provided no explanation in response to its order to show cause for not serving a summons. They assert on appeal that they included a summons with their complaint, that the District Court failed to sign or seal it, and that they requested an extension to effect service after "discovering" that fact. The Snyders, however, never presented that argument to the District Court, and "[w]e generally do not consider arguments raised for the first time on appeal[.]" Gardner v. Grandolsky, 585 F.3d 786, 793 (3d Cir. 2009). The record also does not support their argument. In their August 2009 filings, the Snyders asserted only that they had served summonses, but requested—apparently in the alternative, and without further explanation—a 45-day extension to effect service. Although the District Court did not rule on that request, the Snyders had

5

over three months to obtain a summons and serve it before the District Court raised the issue of service sua sponte. The Snyders then had an opportunity to explain why they had not effected service, but they failed to do so. Thus, the District Court did not abuse its discretion in determining that they had not shown good cause for failing to serve a summons.

Nor did it abuse its discretion in denying an extension in the absence of good cause. In doing so, it noted both that the Snyders had never filed a motion for an extension of time to effect service and that they were well-aware of the requirement that they serve process, particularly in light of the previous dismissal of one of their prior cases on that same basis.[3] In addition, the Snyders' response to the show cause order contained a bare request for an extension but did not explain why an extension was necessary. Under the circumstances, we cannot say that the District Court abused its discretion in denying that request.

Finally, the Snyders argue that the District Court should not have reached the issue of service because the United States' summary judgment response was not a

---

[3] The District Court wrote that the Snyders "had been aware of the defects in their service of process but never moved the court for an extension of time." (Dec. 29, 2009 Order at 2 n.1.) The Snyders' August 2009 filings—a reply in support of summary judgment and an identical copy attaching proof of mailing—included a bare request for an extension of time to effect service in the event that the District Court did not accept their argument that they had properly served a summons. Those filings, however, were not motions and did not explain why an extension was necessary. Thus, the District Court did not err in not treating them as motions for an extension for this purpose.

6

"valid response" under the Federal Rules of Civil Procedure. Rule 4(m), however, expressly permits the District Court to raise the issue of service sua sponte after notice to the plaintiff, which it gave in this case. <u>See</u> Fed. R. Civ. P. 4(m).

Accordingly, we will affirm the District Court's judgment.