ALD-079                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3949
_____

JOSEPH ARUANNO,
                                        Appellant

v.

JOHN S. CORZINE;
RICHARD J. CODEY; JOHN O. BENNETT;
DONALD T. DIFRANCESCO; JAMES MCGREEVEY;
NEW JERSEY DEPARTMENT OF PAROLE;
MARIO PAPPAROZZI; WILLIAM MCCARGO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-05270)
District Judge:  Honorable Anne E. Thompson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2010
Before:  SCIRICA, HARDIMAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed January 13, 2011)
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

    Joseph Aruanno, proceeding <u>pro se</u>, appeals from the District Court's orders

granting the motion for summary judgment filed by certain defendants and dismissing the

complaint as to the remaining defendants for failure to serve. For the reasons that follow, we will affirm the District Court's judgment.

The District Court dismissed Aruanno's initial complaint without prejudice for failure to state a claim. Aruanno then filed an amended complaint, which the District Court also treated as requesting appointment of counsel. Aruanno alleged that defendants violated his due process rights by failing to respond to his petition for clemency. He alleged that he had sent copies of his petition to every defendant named in his complaint, specifically stating that he sent his petition to the New Jersey State Parole Board ("Parole Board") and the Governor's Office twice. The District Court determined that the amended complaint stated a claim for relief, reopened the case, and denied Aruanno's request for counsel.

Defendants Jon S. Corzine, Richard Cody, and the Parole Board filed a motion for summary judgment, which was granted. By order entered January 7, 2010, the District Court ordered Aruanno to effectuate service of process on the remaining defendants within thirty days.[1] Aruanno filed a motion, requesting the District Court to reconsider its grant of summary judgment and denial of appointment of counsel. This motion was denied.

On February 19, 2010, Aruanno filed another motion for appointment of counsel, which the District Court denied; Aruanno sought reconsideration of that order. On

---

[1] The District Court also granted defendants Corzine, Codey, and the Parole Board's motion to quash service of process that was improperly effectuated on behalf of defendants Mario Papparozzi and William McCargo.

September 16, 2010, the District Court denied the motion for reconsideration and dismissed the claims against the remaining defendants John O. Bennett, Donald T. DiFrancesco, William McCargo, James McGreevey, and Mario Papparozzi for failure to properly effect service of process. Aruanno filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment. Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 267 (3d Cir. 2010) (citations omitted). Summary judgment is granted when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the facts in the light most favorable to the nonmoving party. See Anderson, 621 F.3d at 267. We review for abuse of discretion the District Court's orders denying appointment of counsel, denying reconsideration, and dismissing the complaint as to the remaining defendants for failure to serve those defendants. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

A.    Summary Judgment

 "An inmate has no constitutional or inherent right to commutation of his sentence." Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 280 (1998) (citations omitted). Due process is not violated where "the procedures in question do no more than confirm that the clemency and pardon powers are committed . . . to the authority of the executive." Id. at 276.

3

The record reflects that Aruanno sent correspondence regarding an application for clemency to the Office of the Governor. An Executive Clemency Assistant with the Governor's office responded, informing Aruanno that applications for clemency should be sent to the State Parole Board, which conducts an investigation before the petition is referred to the Governor. The assistant also informed Aruanno that there was no record of his clemency application. In her affidavit, Carinne Rivers, a Parole Board Hearing Officer III,[2] stated that she conducted a search of the Parole Board's records and database, which indicated the Parole Board sent a clemency application to Aruanno in September 2002. However, the Parole Board never received a clemency application from him.

New Jersey law requires that a prisoner seeking clemency make his request upon the form and procedures prescribed by the Governor. See N.J. Stat. Ann. § 2A:167-6. This required Aruanno to send an application for clemency to the Parole Board to conduct an investigation and report its recommendation to the Governor. See id.; § 2A:167-7. Although Aruanno alleges that he sent his clemency application to defendants and claims that in retaliation for litigation against the Parole Board his legal documents have been thrown out (and that he no longer has copies of his clemency application), he has failed to provide evidence, such as an affidavit, to demonstrate that he complied and that defendants failed to comply with the State procedures for requesting clemency. See Fed. R. Civ. P. 56(c)(1), (e); Vitalo v. Cabot Corp., 399 F.3d 536, 542 (3d Cir. 2005)

_____

[2] As a Parole Board Hearing Officer III, Rivers is responsible for cataloguing and

4

(quoting Fed. R. Civ. P. 56(e)) (the non-moving party must produce admissible evidence containing "specific facts showing that there is a genuine issue for trial").  As there is "no genuine dispute as to any material fact," see Fed. R. Civ. P. 56(c)(2), the motion for summary judgment was properly granted.

B.      Failure to Effectuate Process

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1).  "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Aruanno was given until September 7, 2010, well over the 120 days prescribed by Rule 4(m), to effectuate service of process on the remaining defendants.  The District Court was not presented with good cause to excuse Aruanno's continued lack of diligence.[3]  See Boley, 123 F.3d at 758.  We therefore find that the District Court did not abuse its discretion in dismissing the claims against the remaining defendants.[4]

---

processing clemency applications received by the Parole Board.

[3] Aruanno baldly stated that he could not locate the remaining defendants because defendants have retaliated against him by placing him in solitary confinement for commencing this litigation and he cannot afford an attorney.  However, it is unclear and Aruanno does not explain how defendants have retaliated against him when no defendant is employed at Special Treatment Unit-Annex, where he is committed.

[4] The District Court properly granted the motion to quash service of process that was effectuated on behalf of defendants Mario Papparozzi and William McCargo. Process was improperly accepted by the Parole Board because Papparozzi and McCargo no longer worked for the Parole Board.  See Fed. R. Civ. P. 4(e).

C.    Appointment of Counsel

In determining whether to grant a motion for appointment of counsel, the district court first must determine, as a threshold matter, whether the "claim has arguable merit in fact and law." Tabron, 6 F.3d at 155. If this threshold is met, the Court may consider a number of additional factors, including: the litigant's ability to present the case, the difficulty of the particular legal issues, the degree to which a factual investigation is required, the appellant's capacity to retain counsel on his own, the extent to which the case is likely to turn on credibility determinations, and whether the case will require expert testimony. Id. at 155-56. The District Court's denial of Aruanno's first request for appointment of counsel was not an abuse of discretion. The District Court found that Aruanno ably amended his complaint in response to the Court's order. The District Court's denial of Aruanno's subsequent motion for counsel also was not an abuse of discretion because the District Court properly determined that the legal issues involved in the action were not complex, and the case did not require expert testimony. See Tabron, 6 F.3d at 155.

D.    Motions for Reconsideration

The District Court did not abuse its discretion in denying Aruanno's motions for reconsideration. "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe, 176 F.3d at 677. A judgment may be amended if the party seeking reconsideration demonstrates that there is an intervening change in the controlling law, the availability of

6

new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. Id. In his motions for reconsideration, Aruanno merely restated the arguments that he made in his response to defendants' motion for summary judgment.

After reviewing the District Court record and considering the arguments raised in Aruanno's response in this Court, we conclude that the District Court properly granted defendants' motion for summary judgment and dismissed the claims against the remaining defendants. We also conclude that the District Court properly denied Aruanno's requests for appointment of counsel and his motions for reconsideration.

Accordingly, we will affirm the District Court's orders.