**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3496
_____

KIM CARRUTH, Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; JOSHUA D. SHAPIRO, doing business as
Acting Attorney General; MUNICIPAL CORPORATION; ADMINISTRATIVE
RESERVE BANK; FEDERAL RESERVE BANK OF PHILADELPHIA; COUNTY OF
PHILADELPHIA; BLESSED RUDOLPH, Controller on Behalf of Bank of America
N.A.; ELFANT WISSAHICKON REALTY; BEN CARSON, doing business as United
States Department of Housing and Urban Development; JEWELL WILLIAMS, doing
business as Sheriff Philadelphia County; STEVE WULKO, doing business as
Philadelphia County Clerk Recorder; JAMES LEONARD, Philadelphia County Recorder
of Deeds; *SHIRLEY PATTERSON, on behalf of Estate of James Patterson, Sr.

(*Amended Pursuant to Clerk's Order Entered 5/21/19)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-18-cv-02061)
District Judge: Honorable C. Darnell Jones

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2019

Before: CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 15, 2019)

_____

OPINION*
_____

PER CURIAM

Kim Carruth, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying her motion for a default judgment. For the reasons that follow, we will affirm the judgment of the District Court.

Carruth filed a complaint against Pennsylvania Attorney General Josh Shapiro, the Federal Reserve Bank of Philadelphia, and many other parties. She later filed a motion for default judgment against the defendants that had not responded to her complaint. On September 7, 2018, the District Court denied the motion. The District Court explained that several defendants had timely responded by filing motions to dismiss or for a more definite statement and that Carruth had not provided adequate proof of service as to the other defendants. The District Court also dismissed the complaint as to all of the defendants. The District Court found the complaint unintelligible and directed Carruth to file an amended complaint that complied with the Federal Rules of Civil Procedure.

Carruth filed another motion for default judgment with a document titled "Amendments." The District Court struck the Amendments for failure to comply with its September 7, 2018 order and denied the motion for default judgment. The District Court

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

warned Carruth that failure to file an amended complaint that complies with the Federal Rules of Civil Procedure would result in dismissal of her action.

Carruth then filed a motion for a declaratory judgment asserting, among other things, that the defendants had not timely responded to her complaint. The District Court dismissed the matter with prejudice for failure to prosecute. The District Court stated that Carruth had failed to submit any filing that would enable the defendants to respond and that she had ignored the Court's directives. The District Court addressed the factors in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863 (3d Cir. 1984), and determined that dismissal was the only appropriate sanction. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Carruth does not challenge on appeal the dismissal of her action for failure to prosecute. She contends that the District Court erred in denying her motion for default judgment because none of the defendants timely responded to her complaint. Assuming proper service of process was made, we may reverse the District Court's ruling only for abuse of discretion. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995). Our standard of review is plenary as to whether the defendants were properly served. Id.

Carruth contends that she filed her complaint on May 17, 2018 and responses were due by July 17, 2018. However, with one exception, the defendants were required to file responsive pleadings within 21 days after service of the summons and complaint or, if a defendant waived service under Federal Rule of Civil Procedure 4(d), within 60 days

3

after the request for a waiver was sent. Fed. R. Civ. P. 12(a)(1)(A).[1] The defendants alternatively could assert certain defenses by motion. See Fed. R. Civ. P. 12(b),(e). To the extent Carruth contends that she served the complaint when she filed it, summonses had yet to be issued and no waivers of service of a summons were filed pursuant to Rule 4(d). Summonses were later issued and returned as executed on July 14, 2018. As the District Court recognized, many defendants filed motions to dismiss the complaint within 21 days (or by Monday, August 6), or filed a motion thereafter pursuant to an extension of time.[2] The District Court did not err in denying Carruth's motion for a default judgment with respect to these defendants as they responded to the complaint.

As to the defendants that did not respond, the District Court stated that Carruth had not provided adequate proof of service. A default judgment may not be entered without proper service. Petrucelli, 46 F.3d at 1304. The returned summonses reflect that all defendants were served by certified mail. Serving an individual or a corporation or other association by mail is not permitted under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(e),(h). Although these rules allow service according to the law of

---

[1] Defendant Ben Carson, an officer or employee of the United States government, was required to respond within 60 days of service. Fed. R. Civ. P. 12(a)(2),(3).
[2] Defendants Federal Reserve Bank of Philadelphia and Josh Shapiro filed motions to dismiss on August 3, 2018 and August 6, 2018, respectively. Jewell Williams, James Leonard, and Rudolph Bless filed motions to dismiss within the time afforded by the District Court. Although an extension of time was not sought, James Patterson filed a motion to dismiss on August 23, 2018.

4

the state in which the district court is located or where service is made, in this case Pennsylvania, the Pennsylvania Rules of Civil Procedure do not allow service by mail unless service is outside Pennsylvania. <u>See</u> Pa. R. Civ. P. 402, 404. <u>See</u> <u>also</u> <u>Boley v. Kaymark</u>, 123 F.3d 756, 757 (3d Cir. 1997) (noting service of individual by certified mail is insufficient absent a waiver of service).

Defendants Steve Wulko and Elfant Wissahickon Realty did not respond to the complaint, but service was made by mail within Pennsylvania. Similarly, the summons and complaint were mailed to Matthew Brushwood (who is not included in the caption, but is listed as a defendant in the complaint) within Pennsylvania. Defendant Ben Carson did not respond, but Carruth did not comply with the requirements of Rule 4(i) for serving a United States officer or employee.[3] Absent proper service, the District Court did not err in denying Carruth's motion for a default judgment.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[3]The summons and complaint were also mailed to three persons within Pennsylvania who are not listed as defendants in the complaint. To the extent judgment was sought against them, service by mail was insufficient.

[4]Carruth's Praecipe to Enter Default Judgment and Assessment of Damages, which asks this Court to enter default judgment, is denied. No action will be taken on Carruth's document titled Writ of Replevin as the filing is incomprehensible.