**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2277
_____

NAN SHI,
                                        Appellant

v.

FORBES HEALTH FOUNDATION, Allegheny Health Network Forbes Regional
Hospital; ALLEGHENY HEALTH NETWORK (AHN) PSYCHIATRY AND
BEHAVIORAL HEALTH INSTITUTE; HIGHMARK INC; ALLEGHENY HEALTH
NETWORK; CHURCHILL BOROUGH POLICE STATION; RONALD M. AKERLY,
in his official capacity as the Police Chief
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01709)
District Judge:  Honorable Robert J. Colville
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2025

Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed December 11, 2025)

_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Nan Shi appeals from a District Court order dismissing his complaint for failure to effect service under Federal Rule of Civil Procedure 4(m). We will vacate the order and remand for further proceedings.

I.

In September 2023, Shi filed a complaint alleging false imprisonment, assault, battery, intentional medical malpractice, and institutional negligence. Shi alleged that, on October 1, 2021, he had been forcibly removed from his home by police officers and then detained at Forbes Hospital where he received unknown injections and lost consciousness on three occasions.[1] Shi alleged that as a result of these events, he has suffered severe back pain due to a permanent lumbar injury, memory loss, and a reduced ability to sleep.

Shi filed an affidavit stating that he had served all parties "by Commercial Third party carriers on October 2, 2023," and included proof-of-delivery slips from FedEx signed by individuals left unidentified by the affidavit. In March 2024, the District Court issued an order to show cause as to why the matter should not be dismissed for improper service. Shi responded that he had effected service on the parties and that "[n]o parties ever challenged the effectiveness." By order entered June 11, 2024, the District Court

---

[1] Shi did not provide the date of his release from Forbes Hospital.

dismissed Shi's complaint without prejudice after finding that he had not properly served the Defendants, he had failed to show good cause, and the case did not warrant a discretionary extension. Shi timely appealed.[2]

## II.

Within 90 days of filing a complaint, a plaintiff must serve both the complaint and a court-issued summons on all defendants. See Fed. R. Civ. P. 4(c), (e), (h), (1), (m). If a plaintiff fails to effect proper service, the District Court, on motion or sua sponte after notice to the plaintiff, must determine whether the plaintiff showed good cause for his failure. Fed. R. Civ. P. 4(m); see also Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). If good cause is found, the District Court must grant an extension to effect service. See Boley, 123 F.3d at 758. If not, the District Court may dismiss the complaint or grant a discretionary extension. See id. We review de novo whether service was proper, see McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998), but review for abuse of discretion both the District Court's assessment of good cause and its decision to not grant an extension to effect service, see Boley, 123 F.3d at 758.

---

[2] We have jurisdiction under 28 U.S.C. § 1291. The District Court's dismissal without prejudice is final and appealable because Shi would be time-barred from refiling his complaint. See 42 Pa. Cons. Stat. § 5524 (providing two-year statute of limitations for Shi's claims); Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) (noting that where the statute of limitations has run, a dismissal without prejudice is considered a final and appealable order) (citation omitted).

Rule 4 does not allow service on individuals, corporations, and local government entities via mail. Fed. R. Civ. P. 4(e), (h)(1), (j)(2). And although service is allowed pursuant to the law of the state in which the district court is located or where service is made, see id., Pennsylvania permits service by "any form of mail requiring a receipt signed by the defendant or his authorized agent" only in circumstances not present here.[3] Pa. R. Civ. P. 403. Shi contends that "[i]n Pennsylvania, delivery through third party carrier is not the same as mail" so the service was proper. However, Shi provided no authority that allows service by third party carriers nor support for his argument beside "common awareness" and Rule 403 being drafted to accommodate the United States Postal Service's restricted delivery procedures. Thus, the District Court correctly concluded the service was defective.[4] See Boley, 123 F.3d at 757.

However, we conclude that Shi showed good cause for his failure. Good cause is equated with excusable neglect, which requires "a demonstration of good faith" on the part of the plaintiff, and "some reasonable basis for noncompliance within the time

---

[3] For example, Rule 404 authorizes service via mail to defendants outside Pennsylvania. Pa. R. Civ. P. 404. The District Court correctly noted this rule did not apply here, where all Defendants were served within Pennsylvania.

[4] Shi also argues that the Supreme Court, in National Equipment Rental, Limited v. Szukhent, "established that even [if a] method of service seems unconventional, it can still be valid if the defendant is notified promptly and given an opportunity to respond." See C.A. ECF No. 11 at 4 (quoting 375 U.S. 311, 316-17 (1964)). However, National Equipment dealt with a question of agency under Rule 4(d)(1). See id. Moreover, Shi has not shown the individuals who signed for the Fed-Ex documents were agents authorized to accept service.

4

specified." <u>MCI Telecomms. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d Cir. 1995) (citation omitted). Among the factors courts consider are: (1) the reasonableness of the efforts to effect service; (2) prejudice to the defendant; and (3) whether the plaintiff moved for an enlargement of time. <u>Id.</u> In concluding Shi had failed to show good cause, the District Court noted that "ignorance of the law" is not a reasonable basis for noncompliance, Shi had made no efforts to determine whether proper service had been made nor sought an extension of time, and defendants had suffered some prejudice because of the untimeliness.

We conclude that the District Court abused its discretion. The record shows that Shi diligently attempted to serve the defendants, particularly given his status as a pro se litigant, his illness, and his disability. Moreover, it is clear from the docket that three of the corporate Defendants had actual notice of the case within 90 days. Attorneys for three of the Defendants entered their appearances in the case in October 2023, which they could not have done without actual notice. This notice "militates against a finding of prejudice," which is generally limited to where the delay has impaired a defendant's ability to defend the case on its merits. <u>Boley</u>, 123 F.3d at 759. An absence of prejudice alone is insufficient to support a finding of good cause. <u>MCI Telecomms</u>, 71 F.3d at 1097. However, based on the fact that defective service is a waivable defense under Federal Rule of Civil Procedure 12(b), the absence of prejudice to defendants, and Shi's

efforts to effect service in the face of his personal circumstances, we conclude that the District Court abused its discretion in not finding good cause.

For the foregoing reasons, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.